(77 South. 492)

No. 22594.

WORTHINGTON CONST. CO. v. PARISH OF JEFFERSON DAVIS et al.

(Jan. 3, 1918.)

*(Syllabus by the Court.)*

1. OFFER AND ACCEPTANCE—STATUTE.

"The acceptance to form a contract must be in all things conformable to the offer; any condition or limitation contained in the acceptance of that which formed the matter of the offer gives him who makes the offer the right to withdraw it."

*(Additional Syllabus by Editorial Staff.)*

2. COUNTIES  ⟜119—CONTRACTOR'S DEPOSIT—RETURN.

Where a parish rejected a contractor's bid and thereafter rejected all supplementary bids and accepted his original bid and reduced amount of work to 80 per cent. of that first contemplated and the contractor refused to sign the contract, he was entitled to a return of his certified check deposited on his supplementary bid, though the reduction was afterwards repealed.

Appeal from Fifteenth Judicial District Court, Parish of Jefferson Davis; Winston Overton, Judge.

Proceeding coupled with an injunction by the Worthington Construction Company against the Parish of Jefferson Davis and others. Judgment for plaintiff perpetuating injunction, and defendants appeal. Affirmed.

Thos. Arthur Edwards, of Lake Charles, for appellants. Modisette & Adams, of Jennings, for appellee.

SOMMERVILLE, J. This is a proceeding, coupled with an injunction, by plaintiff, against the defendant, to recover a certified check deposited by plaintiff, as bidder, with the defendant and its officers as a public board in connection with plaintiff's bid submitted to defendant for road work in Jefferson Davis parish.

Plaintiff alleged the illegal and irregular conduct of the defendant board and its engineer in the matter of the advertisement for bids and the letting of the contracts for good roads in Jefferson Davis parish.

Plaintiff also alleged the want of a contract between the parties; and it asked to have its certified check in the sum of $3,000 returned to it.

Plaintiff obtained an injunction enjoining defendant and its officers from cashing, or negotiating, or disposing of the certified check in question.

The defendants pleaded estoppel against plaintiff; good faith on the part of the board and the engineer; invoked the right of forcing plaintiff to either forfeit the $3,000 or to proceed with the contract; alleged the validity and legality of all of their acts and conduct in the premises; and charged the plaintiff with bad faith.

The trial court rendered judgment in favor of plaintiff and against defendant, perpetuating the injunction, and ordering the certified check for $3,000 surrendered to plaintiff. Defendant appealed.

The original bid of plaintiff, together with all the other bids for the work advertised, was rejected by the police jury, for the reason that the funds for the contemplated road building were insufficient to do the work. The bidders were immediately requested to make supplementary bids on changed specifications. Plaintiff complied, and requested that a check for $10,000 deposited by it with its first bid be exchanged for one of $3,000. The request was granted.

The supplemental bids were all rejected by the police jury, and then the police jury

accepted plaintiff's original bid for certain portions of the work, and awarded the contract therefor to it. Plaintiff agreed to the new contract.

At the same session of the police jury that the contracts were awarded, and without the consent of plaintiff, it adopted an ordinance reducing the amount of work to be done to 80 per cent. of that originally contemplated, and upon which bids had been solicited and received.

[1, 2] A written contract containing this new stipulation was prepared by defendant and tendered to plaintiff the next day. Plaintiff refused to sign the contract for the reason that it was not conformable to the offer made by defendant and bid on by it. It had bid upon the work advertised, and not upon 80 per cent. thereof. It did not agree to the change. Defendant had, in effect, rejected plaintiff's original bid on two different occasions.

At the next meeting of the police jury, November 15, 1916, it repealed that portion of the ordinance or resolution of November 9th, which reduced the work to be done to 80 per cent. of the whole; and called upon plaintiff to execute its original bid. This was done without plaintiff's consent.

This action of the police jury was too late. The proposal of November 9th to do 80 per cent. of the work advertised for was a new contract, different from the original one, and it had been rejected by plaintiff before the repealing ordinance was adopted. The deposit made by the plaintiff should be returned.

"The acceptance to form a contract must be in all things conformable to the offer; any condition or limitation contained in the acceptance of that which formed the matter of the offer, gives him, who makes the offer, the right to withdraw it." C. C. art. 1805.

"This takes place, even when more is promised than was demanded, or when less is offered than was required. * * *" C. C. art. 1806.

Judgment affirmed.