No. 3406

First Circuit

COTTAM & CO., LTD., v. GONZALES

(December 7, 1926. Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Obligations—Par. 7, 11.**

Under Arts. 1805 and 1806 of the Civil Code, in order to form a contract the acceptance must be identical with the offer.

Appeal from the Twenty-third Judicial District Court of Louisiana, Parish of Ascension. Hon Sam A. LeBlanc, Judge.

Action by H. T. Cottam & Co., Ltd., against Sims H. Gonzales. Suit on an alleged promise by letter to pay the debt of another.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

George R. Blum, of Donaldsonville, attorney for plaintiff, appellant.

Sidney A. Marchand, of Donaldsonville, attorney for defendant, appellee.

ELLIOTT, J.    H. T. Cottam & Co., Ltd., brought suit on an alleged promise by Sims H. Gonzales to pay the debt of J. W. Gonzales, as evidence by a letter. J. W. Gonzales owed plaintiff an open account claimed by plaintiff to amount to $376.00. On August 11, 1925, Sims H. Gonzales wrote plaintiff to the effect that his son J. W. Gonzales wanted him to take his store off his hands and re-open it, saying in the letter "If you will give me time to gather my cotton and cane crop, I will settle his bill for $298.32 by the last of October, no later than the 10th of October. Please let me hear from you at once."

Plaintiff did not answer the letter until September 16, 1925, which was 35 days later when he wrote defendant that his offer was accepted and enclosed defendant a note for him to sign maturing October 10, 1925. The note had it been signed would have bound the defendant to pay 8 per cent per annum interest after October 10th, while under defendant's letter, if he had failed to pay as stated, he could not have been held for more than 5 per cent interest. The note would have also bound defendant to pay attorney's fees which his letter did not offer to do, would have also been a waiver of legal delays and a confession of judgment, which could not have resulted from defendant's letter.

Plaintiff contends, however, that its letter of September 16th amounted to an acceptance of defendant's offer of August 11th. Such was not the case.

Defendant's letter had in view the re-opening of the store and to that end called for an early reply. It was not timely answered considering the object in view and the stipulations in the note which was enclosed to be signed, amounted to obligations different and beyond the obligation

which would have resulted from defendant's letter. Defendant's offer was therefore not accepted by plaintiff's letter of September 16th. The offer of defendant in his letter of August 11th and the requirements of the plaintiff as contained in his letter of September 16th were the only communications between plaintiff and defendant on the subject. Civil Code, Arts. 1805, 1806; Elmer vs. Hart, 121 La. 537, 46 South. 619; Worthington Const. Co. vs. Parish, 142 La. 659, 77 South. 492.

The judgment of the lower court rejecting plaintiff's demand was correct.

Judgment affirmed. Plaintiff to pay the cost in both courts.