## L. CLAUSS *v.* W. BURGESS AND WIFE.

An objection to a document offered in evidence that it was not signed by all the parties, goes to the effect of the evidence, and not to its admissibility. A clerical error in the date of an instrument may be amended by parol evidence.

The acceptance of an heir is *express* when he assumes the quality of heir in an unqualified manner in some authentic or private instrument, or in some judicial proceeding.

The intention with which an act is signed by the heir is made by Article 982 of the Code the touchstone of its character. If signed with the intention of binding himself as heir, he becomes heir pure and simple.

When a written instrument, purporting *to be a notarial act of sale of property* of the succession, by all the heirs, was signed by some of the heirs, and others refused to sign it, on the ground that they would render themselves liable as heirs, and the act of sale in consequence was not consummated, it is, nevertheless, an express acceptance of the succession by those heirs who signed the instrument, and they are liable as heirs.

The subsequent formal renunciation of heirs who have thus accepted will not undo the effect of their acceptance.

APPEAL from the District Court of Pointe Coupée, *Cooley*, J.
*U. B. & E. Phillips*, for plaintiff. *S. J. Powell*, for defendant and appellant.

SPOFFORD, J. The question here is whether the defendants have made themselves liable as heirs pure and simple of their deceased son, *Wesley L. Burgess.*

The objections to the reception of the evidence offered by the plaintiff went to the effect of the evidence, and were correctly overruled; and the clerical error in the date of the writing was amendable by parol.

The proof is that the two defendants signed a written instrument, which was intended to be a notarial act of sale from themselves and their two surviving children, *Lewis A. Burgess* and *Mrs. Lucinda Burgess*, wife of *N. B. Benjamin*, to *Messrs. F. V. & J. W. Leake*, of an undivided half of a lot of ground in Bayou Sara, described in the act as having belonged in common to *F. V. Leake* and the late *Wesley L. Burgess*, it being the same acquired by the said *Wesley Burgess* to *L. Clauss* by an act specially designated. The vendors were also said in the act to be "the heirs at law of *Wesley L. Burgess*, deceased."

It is also proved that *Mrs. Lucinda A. Burgess*, one of the parties named as vendors in this act, refused to sign it, "for the reason that she feared to make herself unconditionally liable for the debts of the estate, there being no legal administration of deceased's estate."

It is also in evidence that long afterwards the defendant, *William Burgess*, put the *Messrs. Leake* in default by tendering them a title to the same property on the terms described in the projected act aforesaid, but they answered that they were not bound to accept the title.

Upon these facts the District Judge concluded that the defendants had made themselves unconditional heirs of the succession of *Wesley L. Burgess*, and from a judgment against them for a debt due by that succession to the plaintiff they have appealed.

It is urged by the appellants that, as the pretended act of sale was a mere project, never signed by their co-heirs, the two surviving children, nor by the pretended vendees, nor by the notary, it cannot constitute an acceptance, either express or tacit, on the part of the two heirs who did sign it.

"The simple acceptance may be either express or tacit. It is express when the heir assumes the quality of heir in an unqualified manner, in some authentic or private instrument, or in some judicial proceeding. It is tacit when some act is done by the heir which necessarily supposes his intention to accept, and which he would have no right to do but in his quality of heir." C. C. 982.

"By the word *act*, used in the preceding Article, is understood any writing made with the intention of obliging himself, or contracting as heir, and not a simple letter or note, still less a verbal declaration, in which the person who is called to the succession may have styled himself the heir." C. C. 983.

In *Flower* v. *O'Connor*, 8 N. S. 556, it was justly observed that the latter Article has reference alone to the express acceptance spoken of in the preceding Article, the word *acte*, in the French text of that branch of the former Article, having been translated *instrument*.

An express acceptance is effected by something written, a tacit acceptance by something done.

The District Judge thought that by signing what purported to be an act of sale of property belonging to the deceased, in which they described themselves as his heirs, the defendants *expressly* accepted his succession.

The *intention* with which they signed this *projet* of an act is made by Article 983 the touchstone of its character.

Did they sign it with intent to bind themselves as heirs of *Wesley Burgess?* If they did, they are heirs pure and simple.

We think it manifest, from a perusal of the whole instrument, that they did sign it with that intention; indeed they could not have signed it with any other. In it they described themselves as his heirs; by it they engaged to sell a portion of his property for a stipulated consideration. That they failed to carry out the engagement was no fault of theirs, for they did all they could to consummate it. The fact that the instrument never became binding on them *as a sale,* for the want of the assent of other proposed vendors, and a consequent acceptance by the vendees, can have no such retroactive effect as to change the *intention* with which they signed it.

In the express acceptance, the intention must be manifested by what is written; in the tacit, by what is done. C. C. 984.

We find in this case a written declaration of the defendants which, in our judgment, clearly shows a design on their part to act as masters of the succession of *Wesley L. Burgess.*

They are, therefore, his unconditional heirs. 3 Marcadé, No. 205.

Such would probably have been the determination of the cause, even if the Articles 983 and 984 had not been added by the compilers of our present Code to the Code of 1808, which followed the French original much more closely. M. Duranton teaches that an act which is declared void for a vice of form or for incapacity on the part of the person with whom the heir supposed he was contracting, may, nevertheless, constitute an acceptance on the part of the heir, if it shows a design to accept. Although the act has no effect, as between the parties, to bind them in a covenant, it may have the effect of disclosing the heirs' intention to accept the inheritance which has fallen to him. 6 Duranton, No. 383.

It is contended by the appellant's counsel that this construction may open the door to fraud. The Code has guarded against that in Article 1003: "The heir who is of age cannot dispute the validity of his acceptance, whether it be express or tacit, unless such acceptance has been the consequence of fraud practiced or violence exercised against him, he never can urge such claim under pretext of lesion."

In the present case there is no suggestion of fraud or error.

The formal renunciation of the defendants, after the acceptance which we have described, did not undo its effects. *Semel hæres, semper hæres.*

The attempt to sell the property as the property of *Wesley Burgess* would imply an acceptance, even if it turned out not to be his, for it is the intention which controls. 3 Marcadé, No. 203. So proof of the title being in his succession was unnecessary.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.