## No. 14,167.

### EDITH HARVEY ET ALS. VS. GULF STATES LAND AND IMPROVEMENT COMPANY. .

#### SYLLABUS.

1. Where property is sold and transferred after the completion of the assessment, and continues to figure on the assessment roll in the name of the vendor, the notice of delinquency of taxes may be addressed to such vendor ; and by serving on the purchaser or present owner a notice so addressed the tax officers comply with the law requiring notice to be served on the taxpayer.

2. The official return of the officer showing the manner in which a tax notice was served, and even parol evidence, is admissible to correct an erroneous recital in the tax collector's deed.

3. Where property is acquired after the completion of the assessment roll, the person who then was president of the corporation acquiring the property, will be presumed, in the absence of proof to the contrary, to have continued to hold the same position down to the time of the serving of the notice of delinquency.

APPEAL from the Civil District Court, Parish of Orleans— *Sommerville, J.*

*Charles Louque,* for Plaintiffs, Appellees.

*J. Zach Spearing,* for Defendant, Appellant.

*Harry H. Hall, amicus curiae.*

The opinion of the court was delivered by PROVOSTY, J.

On the application for rehearing *per Curiam* by PROVOSTY, J.

PROVOSTY, J.   The plaintiffs sold to R. McWilliams, Limited, on a credit, two lots of ground with improvements, retaining a mortgage on

the property for the price. The sale was made after the completion of the assessment of the year, so that for the year in which the sale took place the property stood on the assessment roll in the name of the plaintiffs. R. McWilliams, Limited, failing to pay the taxes thus assessed, the property was sold at a tax sale, and was bought by the defendant; and plaintiffs bring this suit to set aside the tax sale on the ground that the notice of the delinquency of the taxes was not served on the taxpayer as required by law.

The notice in question is provided for by sections 50 and 51 of Act 170 of 1898 which require that the tax collector shall address a notice "to each taxpayer who has not paid his taxes"; and shall "either deliver to each taxpayer in person or shall leave at his residence or place of business in the parish of Orleans one of said notices."

With a view to complying with this law the tax collector made out a notice containing the requisite recitals of description of property, notification of delinquency of taxes, and announcement of sale of property in case of non-payment, and caused same to be served on R.McWilliams, president of R. McWilliams, Limited. The notice was served in person, at the place of business of the company; it was addressed, however, to the parties in whose names the property stood on the assessment, that is, to the plaintiffs.

The question is whether this was a sufficient compliance.

We think it was. The purpose of the proceeding is to give warning to the taxpayer, and we have heretofore had occasion to say (City of New Orleans praying, etc., 51 Ann. 972), and we repeat, that the strict adherence to form which has been enforced in matters of citation is not required in the matter of these tax notices. It is sufficient if the purpose of the law in requiring the notice to be given is accomplished; and no one could say that the notice in question did not bring home to R. McWilliams, Limited, notification of the fact that the taxes of the year were delinquent on the property which it had bought from the plaintiffs. The manner in which the notice was addressed could not mislead, for R. McWilliams, Limited, knew, or must be conclusively presumed to have known, that the sale made to it by the plaintiffs had taken place after the completion of the assessment, and that the assessment had not been changed, and that therefore the property stood on the tax roll in the name of the former owners, and that this was the reason why the notice was addressed to them.

It is to be noted that our law makes special provision for the giving of notice to mortgage creditors, and that the plaintiffs had the full benefit of this notice. In urging their present complaint they are standing in the shoes of their debtor, R. McWilliams, Limited, and are in no better position than the latter would be to urge want of notice; in other words, if the notice was good as to R. McWilliams, Limited, it was good also as to the plaintiffs.

Plaintiffs objected to the admission in evidence of the official written return of the officer who had served the notice, and also to parol evidence showing the manner of the service; on the ground that "the act of sale declares that service was made on Clarence J. Harvey and others, and defendant cannot contradict this declaration in that act."

We think this evidence was admissible. The recital of the deed was an error, and such errors in sheriffs' deeds may be shown by parol. Gladdish vs. Godchaux, 46th Ann. 1571; Vignie vs. Brady, 35th Ann. 560; Armstrong vs. Armstrong, 36th Ann. 549; Claus vs. Burgess, 12 Ann. 142. See also 41 Ann. 15; 42 Ann. 918.

Plaintiffs contend that the record fails to show that R. McWilliams was the president of R. McWilliams, Limited. The act evidencing the sale to R. McWilliams, Limited, so recites, and this act and the fourteen notes sued on are signed by R. McWilliams as president; and there is no evidence showing that he ever ceased to be president. We think this was sufficient proof of his official relation to the company at the time the service was made.

It is therefore ordered, adjudged and decreed that the judgment appealed from be set aside and that the plaintiffs' suit be dismissed with costs in both courts.

## ON APPLICATION FOR REHEARING.

### *Per Curiam.*

PROVOSTY, J. The court did not fail to observe that among the grounds of nullity alleged in the petition was the one that the property had not been assessed in the name of the owners; but the counsel for plaintiffs not having offered the assessment roll, or an extract thereof, or any other evidence, to show how the property was assessed; and not having complained of the finding of the learned judge *a quo* to the

effect that the property "was correctly assessed in their" (the owners')
"names"; and not having pressed this ground of nullity in argument
or in brief; having, in fact, expressly admitted that "The evidence
shows that plaintiffs had at one time been the owners of the property,
*which was correctly assessed in their names in* 1898," the year for the
taxes of which the property was sold,—it was considered that this
ground had been abandoned.

In connection with the notice, plaintiffs, on this application for re-
hearing, have mended their hold. Their objection was that the notice
had been addressed to the former owners, instead of to the actual
owner; their objection now is that the notice was addressed to Clarence
J. Harvey *et als.,* instead of to all the owners, giving their names. What
is said in the opinion is equally applicable to this new phase of the
question.

Rehearing refused.