No. 3693.

(Court of Appeal, Parish of Orleans.)

# IN RE JOHN F. LINDER PRAYING FOR POSSESSION.

Appeal from Civil District Court, Division "C."

Theodore Cotonio, for Plaintiff and Appellant.

Stafford & Lambert and Jas. J. McLoughlin, for Defendant and Appellee.

1. Where property is sold and transferred after the completion of the assessment, notice of delinquency for taxes may be addressed to the vendor, and by serving on the purchaser or present owner a notice so addressed, the tax officers comply with the law requiring notice to be served on the taxpayer.

2. The testimony of a public officer in support of the recitals in a *proces verbal* made by himself is entitled to great weight and will not be overcome by the mere negative testimony of interested parties.

3. But where the testimony of such officer contradicts the recitals of his *proces verbal* made at the time, it is to be weighed in the same manner as that of other witnesses.

DUFOUR, J. Lindner, a purchaser at State tax sale of property assessed for the year 1902 to Bernard Schoendorf, sued out a writ of possession, and was met with an injunction by Mrs. Yochim, who acquired from Schoendorf on June 23rd, 1903.

The district judge appears to have rested his conclusion on the theory that "notice addressed to A. B. that certain taxes have not been paid, when the property for which they are due belongs to Y. Z., is not proper notice to Y. Z., even though the property have been properly addressed to A. B. Notice should have been addressed to Y. Z. as well as served upon him especially, where his title was extant in the public records; such at least is my view, and I see nothing in Hoyle vs. Athletic Club, 48 An. 883, to the contrary."

319

This is error.

In Geddes vs. Cunningham, No. 1785 of our docket, we said:

"If the assessment was valid, it necessarily follows that a notice made out in the name of the taxpayer assessed and delivered to the parties in interest or any of them, fulfills the requirements of the law and that sufficient has been done to make the notice effectual." (Sec. 51, An. 979.)

In 108 La. 550, it was held that where property is sold and transferred after the completion of the assessment, and continues to figure on the assessment roll in the name of the vendor, the notice of delinquency of such taxes may be addressed to such vendor; and, by serving on the purchaser or present owner a notice so addressed, the tax officers comply with the law requiring notice to be served on the taxpayer."

The notice in this case is addressed to Bernard Schoendorf, and is effective if shown to have been served on the present owner.

The return on the notice recites that the notice was served on Bernard Schoendorf by leaving the same at his domicile in the hands of J. F. Yochim, residing in said domicile, said tax debtor being absent from his domicile at the time."

Under the circumstances such a return, so far from giving rise to a presumption of validity, would appear on its face to taint the sale with nullity. Therefore, the serving officer was placed on the stand to correct or attack his own return, not to sustain it.

This deprives the tax title of its presumptive forces, and leaves the issue of service on the owner to be decided according to the weight of the testimony, and without any *prima facie* showing in favor of the title.

Such evidence, however, is admissible and must be accorded such consideration as its nature may deserve. (108 La. 552) Larkin, the serving officer, says that he called at the premises, inquired for Schoendorf, and was told by Mrs. Yochim that she

320

was the owner, and that she requested him to give the notice to her son, whose place of business was adjoining, and that he then served the notice upon the latter.

His testimony is not persuasive. Mrs. Yochim testifies that she never received the notice, never saw Larkin, and that her son did not at that time reside with her, and attended to her business.

J. F. Yochim says he received the notice, which he took to be one of his personal tax bills, and did not look at it at the time; he corroborates his mother's statement that he did not reside with her at the time and attended to her business, and did not give her the notice.

The conflict of testimony was apparently resolved in favor of Mrs. Yochim by the district judge who, on this point, says:

"The testimony of a public officer in support of the recitals in a *proces verbal* made by himself is entitled to great weight and will not be overcome by the mere negative testimony of interested parties, but where the testimony of such officer contradicts the recitals of his *proces verbal* made at the time, it is to be weighed in the same manner as that of other witnesses."

Concurring in that view, we have no hesitation in saying that the record does not show that the notice was properly served on the party in interest. Mrs. Yochim having neither appealed nor answered the appeal, we are powerless to alter the judgment in the matter of costs.

Judgment affirmed.

May 15th, 1905.

Rehearing refused May 29th, 1905.