LAND, J.
Plaintiff sued the defendant for the specific performance of an alleged agreement to sell and convey certain real estate, based on a ten-day option to purchase given by defendant in favor of plaintiff. The petition alleged that within said time limit the plaintiff notified the defendant in writing that he would purchase the property on the conditions and terms set forth in the option, and on the same day deposited with the real estate agents of the defendant the sum of $900 on account of the purchase price, and received the defendant’s titles for examination. The petition further alleged that plaintiff subsequently tendered performance on his part, which the defendant refused to accept.
The defendant, after pleading an exception of no cause of action, which was overruled, answered, admitting the execution of the alleged option, but denying all the other allegations of the petition.
There was judgment in favor of the plaintiff for the specific performance of the contract, and for equitable relief in the premises in the event the defendant should not cancel the incumbrances on the property and make title.
The essential facts of the case may be briefly stated as follows:
The defendant owned a certain square of ground, which was heavily incumbered with liens and mortgages. The plaintiff, through Ramsey & Roberts, real estate agents, obtained an option on the property as follows, to wit:
“New Orleans, La., April 17, 1905.
“Mr. Augustus Elmer, Jr., City — Dear Sir: We hereby give you a ten-day option in which to buy or not to buy property situated Napoleon and Claiborne avenues and Willow and Jena streets for the price and sum of nine thousand dollars ($9,000), payable one-third cash, balance, if any, in one and two years, on notes bearing- eight per centum, or the whole cash, at your option.
“[Signed] Toby Hart.”
On April 26, 1905, plaintiff wrote to Ramsey & Roberts, as agents for defendant, that he would purchase the property as per conditions and terms of the option, and requested them to hand the titles to his attorneys for examination. On the same day Ramsey & Roberts wrote the defendant that the plaintiff had notified them that he would take the property upon the terms and conditions as stated in the option, and received from the plaintiff a check on a local bank for $900, payable to defendant. This check was never delivered to the defendant. On the same day there was handed to the defendant a letter, written by the attorneys for the plaintiff, as follows:
“Availing myself of the ten-day option on square of ground bounded by Napoleon and Claiborne avenues and Willow and Jena streets for the price and sum of nine thousand dollars, payable one-third cash, balance in one and two years, notes, etc., I beg to advise you that I will purchase the said square of ground, subject to a good title guarantied by the Title & Mortgage Guarantee Co.”
*540 The defendant made no written response to this communication, but on the same date his title to the property was delivered by Ramsey & Roberts to the attorneys for the plaintiff.
On May 10, 1905, the defendant wrote plaintiff as follows:
“On April 17th I gave you a ten-day option on square of ground belonging to me bounded. * * As the time has long since passed, and you have not announced your intention of completing the transaction, you are hereby notified that the option is canceled.”
The attorneys for the plaintiff replied that they expected to be ready to close the act of sale any day as soon as the certificates of incumbrances were received.
On May 17, 1905, the plaintiff made a notarial tender of cash, notes, and the receipt of Ramsey & Roberts for $900, and called upon the defendant to clear the mortgage certificates, to sign the deed, and to receive the price. , Defendant refused to sign the act of sale.
The option of April 17, 1905, called for definite action one way or the other within ten days. On April 26, 1905, the plaintiff presented two notices of acceptance — one to Ramsey & Roberts, and, later, one to the defendant. - Neither notice specified an election as to the terms of sale, whether cash or credit, and the last one contained a condition that the title should be guaranteed by the Title & Mortgage Guarantee Company. This last notice was written by counsel for plaintiff, and was duly recorded as evidence of the exercise of the option within the limit of ten days.
There is no written evidence in the record to show that the defendant ever accepted this counter proposition.
I-Ience there was no meeting of minds on this proposed modification of the option. Plaintiff, we think, was bound within the ten days to notify the defendant that he would exercise the option of purchasing the property for cash or on the terms therein proposed, and to call upon the defendant to execute a good title free of incumbrances. In the notice left with the agents there was no election of terms; but, such as it was, it was-supplanted by the later notice prepared by the attorneys for the plaintiff, containing the new condition already quoted, and no election of terms. The ten days elapsed without the negotiations coming to any definite head, and we think that either party had the right to-recant.
The judgment is therefore reversed, and. the suit is dismissed, with costs in both, courts.