(92 South. 566)

No. 23656.

## BARCHUS v. JOHNSON.

(June 5, 1922. Rehearing Denied by Division B June 22, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Vendor and purchaser** ⟨⟩18(1, 3)—Sales; option and acceptance must be in writing; acceptance of option must be tendered within time given.

Under Civ. Code, arts. 1798, 1802, and 2275, and article 2462, as amended and re-enacted by Act No. 27 of 1920, an option to buy or not to buy immovable property and its acceptance must be evidenced by writing, and the acceptance must be tendered to the proposer before the expiration of the time limited in the option.

2. **Vendor and purchaser** ⟨⟩18(3)—Sales; parol acceptance of option, followed by written acceptance after expiration of option, was insufficient.

An acceptance of an option to buy real estate by telephone, followed by the tender of a written acceptance after expiration of the time specified in the option, was insufficient.

Appeal from Tenth Judicial District Court, Parish of Concordia; N. M. Calhoun, Judge.

Suit by Charles Barchus against J. Clayton Johnson. From a judgment for defendant, plaintiff appeals. Affirmed.

G. P. Bullis, of Vidalia, for appellant.

Philip Hough, of Vidalia, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

LECHE, J. On August 21, 1917, plaintiff bought from defendant, in consideration of $50 cash, an option to purchase certain lands within 30 days. The option is in writing, describes the land, and fixes the price to be paid in case it is accepted.

On or about September 15, 1917, plaintiff, who was in Natchez, Miss., telephoned to defendant, who was in Monroe, La., his acceptance of the offer. On September 28, 1917, plaintiff then wrote his acceptance of the option, and mailed a written act of conveyance to defendant for signature.

These are the substantial facts alleged in the petition in this case, wherein plaintiff sues for specific performance.

According to the provisions of article 2275, C. C., all contracts relative to the transfer of immovable property must be in writing. Act No. 27 of 1920, p. 28, amending and re-enacting article 2462, C. C., also provides that—

"A promise to sell, when there exists reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same. One may purchase the right or option to accept or reject, within a stipulated time, an offer or promise to sell, after the purchase of such option, for any consideration therein stipulated, such offer, or promise cannot be withdrawn before the time agreed upon; and should it be accepted within the time stipulated, the contract or agreement to sell, evidenced by such promise and acceptance, may be specifically enforced by either party."

Other provisions of the Civil Code read as follows:

"As there must be two parties at least to every contract, so there must be something proposed by one and accepted and agreed to by another to form the matter of such contract; the will of both parties must unite on the same point." Article 1798.

The acceptance or assent according to the terms of article 1802 must "be given within such time as * * * the contract shall prove that it was the intention of the proposer to allow."

[1] According to the cited provisions of the law in this state, it is apparent that an option to buy or not to buy immovable property must be evidenced by a written instrument, that the acceptance of the offer made in such instrument must equally be evidenced by writing, and that it must be tendered to the proposer before the time limited in the option has expired. See Elmer v. Hart, 121 La. 537, 46 South. 619.

[2] In this case the plaintiff, according to his own assertion in his petition, only tendered his acceptance in writing on September 28, 1917, 8 days after the expiration of the time within which the proposer had agreed to become bound by such acceptance. That was too late. The acceptance by telephone was by parol, and, if the defendant had attempted to enforce the contract against the plaintiff on an acceptance by parol, plaintiff would promptly and properly have objected to parol testimony to prove a binding promise on his part to purchase immovable property.

The trial judge maintained defendant's exception of no cause of action. His ruling was correct, and his judgment is affirmed.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.