ALEX F. DREYFOUS CO., INC., v. KEIFER

____

(May 27, 1929. Opinion and Decree.)
(June 24, 1929. Rehearing Refused.)

____

Albert B. Koorie and A. D. Danziger, of New Orleans, attorneys for plaintiff, appellee.

Sidney F. Fautier, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. The plaintiff corporation is engaged in the business of buying and selling real estate. It sues the defendant for a commission in the sum of $300, under the following circumstances:

Defendant was a tenant of property owned by Mr. or Mrs. E. B. Wilken. (There is some ·dispute as to whether the property was community or paraphernal.) An employee of plaintiff induced defendant to sign an offer to purchase the property from which we quote the following:

"I offer to buy 1425-27 Marshall Street for $7500.00, on terms of part cash and balance homestead. If this offer is accepted, I will deposit $750.00 immediately, but not as earnest money, either party reserving the right to demand specific performance. Should I fail to comply, I obligate myself to pay the commission and all fees in enforcing collection. This offer to remain good through August 20th, 1925, 5:00 p. m."

This offer was signed by Mrs. E. B. Wilken. Plaintiff failed to deposit the $750, and this suit resulted.

There was judgment below in favor of plaintiff as prayed for, and ·defendant has appealed.

A number of defenses are presented, but in the view we take of the case, it is necessary to consider only one, to-wit, that the offer was not accepted within the time mentioned therein, that is to say, 5:00 p. m., August 20, 1925. The evidence on this point, as presented by plaintiff, is to the effect that Mrs. Wilken's signature to the offer was obtained in the afternoon of August 20th and communicated to the defendant over telephone some time between 4:30 and 5:00 p. m. The defendant, Keifer, denies having received the telephone message on that day, asserting that the alleged telephone conversation occurred the next day or August 21st. The acceptance of Mrs. Wilken, ·which is evidenced by her signature on the same document which contains plaintiff's offer, is undated.

It is apparent that plaintiff intended his offer to be open until 5:00 p. m., of August 20, 1925, and no longer, and we are not convinced that he had any knowledge whatever of Mrs. Wilken's acceptance before that time, even if the telephone communication was sufficient notification of acceptance.

Under Revised Civil Code, article 2275, contracts relative to the transfer of immovable property must be in writing. Article 1798 Revised Civil Code provides that:

"As there must be two parties at least to every contract, so there must be something proposed by one and accepted and agreed to by another to form the matter of such contract; the will of both parties must unite on the same point."·

In Barchus vs. Johnson, 151 La. 985, 92 So. 566, it was held:

"According to the cited provisions of the law in this state, it is apparent that an option to buy or not to buy immovable property must be evidenced by a written instrument, that the acceptance of the offer made in such instrument must equally be evidenced by writing, and that it must be tendered to the proposer before the time limited in the option has expired. See Elmer v. Hart, 121 La. 537, 46 So. 619."

We are of the opinion that the acceptance of plaintiff's offer was not communicated to him within the time limited for its expiration· and that, therefore, without

considering the other defenses raised by the pleadings, the plaintiff cannot recover.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of defendant, dismissing plaintiff's demand.