I respectfully dissent from the majority opinion in this case and submit the following reasons in support thereof:
I am of the opinion that the original agreement was valid and enforceable in that the "terms" of the prospective sale were definite in the respect that should the parties not reach an agreement under the alternative condition, the offer to sell for cash remained the "terms" of the sale.
Plaintiffs purchased for $500 the absolute right to acquire within a definite time the property for a price of $15,000, payable in cash or in notes "per agreement to be reached later." The option is clearly authorized by Article 2462 of the Civil Code, as amended. When negotiations under the alternative condition failed, the respective rights and obligations of the parties recurred upon the promise to sell for cash.
I agree that the alternative condition ab initio was unenforceable, but I am of the opinion that the contract, because of this fact, was not totally void for lack of definiteness of terms. I believe that the contract as to terms was separable and that this conclusion is to a substantial extent supported by the case of Elmer v. Hart, 121 La. 537, 46 So. 619.
Had plaintiffs tendered to Mrs. Conner $14,500 in cash on or before April 1, 1945, their right to specific performance of the agreement, in my opinion, would have been absolute. They did not do this, but, on the contrary, before their rights expired under the contract, instituted the present suit, firstly to enforce specific performance, and, secondly, to recover double the amount of earnest money.
Defendants held the property for plaintiffs for over two months and were obligated to hold it for at least another month, and for compensation for doing so were paid *Page 820 
$500. This is what plaintiffs paid for. Since plaintiffs did not tender for the purchase of the property $15,000 cash, defendants, for the reasons above stated, are entitled to have forfeited to them the earnest money involved herein.