63 So.2d 760 (1953)
DANE & NORTHROP
v.
SELZER.
No. 20050.
Court of Appeal of Louisiana, Orleans.
March 23, 1953.
Harold J. Zeringer, Jr., New Orleans, for plaintiffs and appellees.
John H. Hammel, Jr., New Orleans, for defendant and appellant.
*761 JANVIER, Judge.
The plaintiff, a partnership, and the individual members thereof are licensed real estate agents in New Orleans. They seek to recover from the defendant a commission which they allege is due them because the defendant, without cause, refuses to comply with her obligation under a contract to purchase a piece of real estate which had been listed for sale by the owner. They also pray for attorney's fees in accordance with the contract.
From a judgment in favor of the plaintiffs for $620 as their commission and for an additional $200 as an attorney's fee, the defendant has appealed suspensively. The plaintiffs have answered the appeal, praying that the amount of the judgment be increased, and that they be allowed $250 as an attorney's fee as originally prayed for.
The record shows that Mrs. Ella B. Buras was the owner of certain property listed for sale with the plaintiff real estate partnership, and it is admitted by the defendant, Mrs. May Selzer, widow of Harry Wainer, that on October 6th, 1951, she executed and delivered to plaintiffs a written offer to purchase the property for $13,000 cash. The said offer contained a provision that it was to remain "binding and irrevocable through Oct. 9th, 1951." The offer also contained a stipulation to the effect that, in the event of its acceptance by the owner, Mrs. Wainer, the prospective purchaser would deposit immediately with plaintiffs ten per cent of the purchase price, which ten per cent amounted to $1300. On the bottom of the written offer of Mrs. Wainer appears the written acceptance of the owner, Mrs. Buras. This acceptance bears the date "Oct. 6th 1951."
The defendant contends that, for either or both of two reasons, she was not obligated to comply with the terms of her written offer. First, she maintains that, as a matter of fact, her offer was not accepted before the expiration of the time set for acceptance, and second, she contends that even if the offer was accepted within the time limit set, she is not obligated because she was not notified in writing that it had been accepted.
She maintains that every detail of all negotiations and incidental occurrences surrounding the sale of real estate must be set forth in writing and that, since it is admitted that plaintiffs did not notify her in writing that her offer had been accepted, she is not bound to comply with any of the terms of her offer to purchase.
We shall first consider the question of fact which is presented by the contention that in truth the offer was not accepted by the owner of the property until after October 9th, 1951, the dead-line which was set in the offer to purchase.
It is admitted that, although the acceptance of the offer is dated October 6th, which is the same day on which the offer was made, it was not actually signed on that day, but it is contended that the acceptance was actually signed on October 8th, which was the day before the day on which the offer, by its terms, was to expire.
Counsel for plaintiffs says that this error was merely clerical and that the true date may be proven by parol, and there is ample authority to the effect that even when a document must be in writing clerical errors therein may be proven and corrected by parol evidence.
In Levy v. Ward, 33 La.Ann. 1033, the Court said:
"It is well settled that parol evidence is admissible to show error in the descriptio loci et descriptio personae, in the date contained in an act concerning real estate, namely, to show that the instrument was not made the actual depositary of the intention of the parties."
In Harvey v. Gulf States Land and Improvement Company, 108 La. 550, 32 So. 475, the Supreme Court stated that parol evidence might be accepted to correct an error in a sheriff's deed, saying:
"We think this evidence was admissible. Their recital of the deed was an error, and such errors in sheriffs' deeds may be shown by parol. Gladdish v. Godchaux, 46 La.Ann. 1571, 16 So. 451; Vignie v. Brady, 35 La.Ann. 560; Armstrong v. Armstrong, 36 La.Ann. *762 549; Clauss v. Burgess, 12 La.Ann. 142. See, also Ker v. Evershed, 41 La. Ann. 15, 6 So. 566; Gee v. Clark, 42 La.Ann. 918, 8 So. 627." See, also, Smith v. Chappell, 177 La. 311, 148 So. 242.
But defendant maintains that even October 8th is not the date on which her offer was accepted, and that in fact she was told on October 10th that even on that late date the offer had not yet been accepted, and she maintains that therefore when she was later notified that the offer had been accepted, she was not bound to comply with her offer which had expired on October 9th.
The record leaves no doubt that the offer was actually accepted on October 8th, within the time limit, and that the defendant was notified by telephone of its acceptance long before the expiration of the time limit set.
The testimony given by Mrs. Wainer cannot be accepted for the record leaves no doubt whatever that Mrs. Buras actually signed the acceptance of the offer on October 8th, and it is unbelievable that the real estate agents whose commissions depended upon the completion of the transaction should have telephoned Mrs. Wainer on October 10th, as she contends they did, that they were still negotiating with the owner in an attempt to have her accept the offer.
Having thus found as a fact that the written offer made by Mrs. Wainer was accepted in writing by Mrs. Buras, the owner, on October 8th, 1951, and that Mrs. Wainer was notified of the acceptance by telephone on that same day, October 8th, which was before the deadline set by her for acceptance of her offer, we pass on to a consideration of the question which is presented by the contention of defendant that there was no binding contract because she was not notified in writing that her offer had been accepted.
As supporting this contention, counsel for defendant directs our attention to two decisions upon which he places great reliance, Di Cristina v. Weiser, 215 La. 1115, 42 So.2d 868, and Barchus v. Johnson, 151 La. 985, 92 So. 566.
It is quite true that, in the Di Cristina case, the Supreme Court held that all portions of a contract affecting real property or changes or amendments in such contracts must be in writing, and that no change may be made by the attorney of one of the parties unless it is shown that the attorney was authorized in writing to make the change. But we cannot interpret that decision as requiring what counsel for defendant here would have us hold for we believe that the notice to the offeror that the offer has been accepted is in no sense a part of such a contract, which contract becomes completely binding on both parties when the offer is unconditionally accepted.
A real estate agent is the agent of both parties to such a contract, and when Mrs. Wainer authorized her agent to transmit her offer to Mrs. Buras, she authorized the agent to receive the acceptance of Mrs. Buras. Therefore the contract was completed and became binding as soon as the offer of Mrs. Wainer, which was made in writing, was given to the agent. The notification to Mrs. Wainer that her offer had been accepted had nothing whatever to do with the completion of the contract.
The record shows that, though sometimes real estate agents notify parties in writing that offers have been accepted, it is customary to merely give verbal notice, and, as a matter of fact, we are quite certain that as soon as a real estate agent knows that a contract has been completed, he loses no time in telephoning, or in some such manner notifying the other party as quickly as possible.
Barchus v. Johnson, supra, is not in any sense in point. All that was held there is that an option to purchase real estate must be in writing and must be accepted in writing before the expiration of the time limit set in the written document granting the option. There the plaintiff to whom the written option was granted telephoned the owner before the expiration of the time limit that he had decided to exercise the option, but he did not accept the offer in writing or notify the owner that he had decided to exercise the option in writing until several days after the option, by its *763 terms, had expired. The Court held that the notification by telephone had no effect.
Here the offer, which may be treated as an option, was actually acted upon in writing before the expiration of the time limit. This was all that was necessary.
The fact that Mrs. Buras did not see fit to force Mrs. Wainer to make the deposit or to compel her to specifically comply with the contract does not affect the rights of plaintiffs. There was involved no question of defect in the title or inability on the part of Mrs. Buras to comply. Mrs. Wainer merely says that she decided not to take the property and that she so decided because she was not notified of the acceptance of her offer.
The contract provides that should the purchaser fail to comply with her offer, the vendor could either declare the deposit ipso facto forfeited or could demand specific performance, and it further provides in effect that, in the event of failure of the purchaser to comply with her offer, the commission should be paid out of the deposit. Since there is no requirement by the owner that the deposit be made and forfeited, it follows that the obligation of the defendant is to pay the commission which the agents were entitled to on acceptance of the offer.
The contract also provides that if either party should fail to comply with the terms of the offer, that party would be obligated not only to pay the agent's commission but also to pay "all fees and costs incurred in enforcing collection and damages." It follows from this that the defendant is liable for the fee of the plaintiffs and, in view of the amount which is involved and the fact that the matter has been carried to the Appellate Court, we think that a fee of $250 is not unreasonable.
It was not necessary that evidence as to the value of services be introduced, for in cases of this kind, where the amount involved is fixed in the contract and the services of the attorney are performed before the eyes of the court, the value of those services may be determined by the Court without the assistance of expert testimony.
In Williams v. Ralph R. Miller Shows, La.App., 17 So.2d 67, 68, the Court of Appeal for the First Circuit said:
"* * * it has frequently been held that proof of the value for the services rendered need not be made as these services being performed in the presence of and under the eyes of the court itself, the court can on its own initiative fix such value, * *."
In Dinkelspiel & Hart v. Pons, 119 La. 236, 43 So. 1018, the Supreme Court held that, although expert opinion may be a guide in determining the value of the services of attorneys, it "is not necessarily controlling on the court." The Supreme Court further said:
"* * * Where the nature and extent of the services are shown by the record, it is the duty of the court to bring to bear its knowledge of the value of the services of counsel. * * *"
In Liquidators of Savings and Homestead Society v. Conrad Schmidt, 1919, No. 7705, of the docket of the Court of Appeal for the Parish of Orleans, this Court held that:
"Attorney's fees may be fixed by the Court without special evidence as to their value."
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is amended by the increase of the amount thereof to $870. In all other respects the judgment is affirmed, costs to be paid by appellant.
Amended and affirmed.