McBRIDE, Judge.
The plaintiff partnership is engaged in the business of real estate broker. It sued the defendant for a commission of $940 and a twenty-five per cent attorney’s fee; defendant died pending the suit and his heirs appeared as defendants and resisted plaintiff’s demands.
The following are the circumstances giving rise to the suit:
On March 3, 1945, DeFelice signed an offer to purchase the property 1361 Moss Street which had been listed for sale with plaintiff by Mrs. Julie J. Dullenty Ziegler. We quote the following from the offer:
“I offer and agree to purchase 1361 Moss St., * * * for the sum of $21,000.00 * * * all cash * * *.
’; * * * *, . ⅛ *
.'‘‘If this offer.-is 'accepted I wilhde-posit with Vendor’s Agent immediately in , cash, .Twenty One Hundred Dollars ($2,100.00) *. * *. ■ , * ■ ⅜ . * * . * *
“Either party hereto who fails to comply with the, terms of this offer, if accepted, is obligated to pay the Agent’s Commission and all fees and costs incurred in enforcing collection and damages.
“This offer remains binding and-irrevocable through Mar 10 — 1945.”
, Plaintiff presented the offer to Mrs. Ziegler, who accepted it on March .6, 1945. However, DeFelice steadfastly refused to deposit with the agent ten per cent of the purchase price in accordance with. the terms of the offer. No sale was ever con-fected between the parties.
Plaintiff alleges that DeFelice breached the terms of the contract by not making the ten per cent deposit, and that therefore under the terms of the agreement respecting payment of the real estate agent’s commission, he is liable therefor.
After a trial below, the suit was dismissed and plaintiff has appealed from the judgment.
Several defenses are urged, but in view of the conclusion we have reached, we find it necessary to consider only one, to-wit: that DeFelice was not notified by plaintiff of the acceptance of the offer until six days afterward.
The evidence shows that the agent made no attempt to advise DeFelice of Mrs. Ziegler’s acceptance of the offer until March 10, 1945, at which time plaintiff addressed a letter to DeFelice. This letter, deposited in the United States mails at 4 o’clock p. m. on March 10, 1945, was not delivered to the addressee until March 12, 1945.
We believe that it is the duty of a real estate agent to inform his client as soon as the agent knows that a contract *780 has been completed, and such notification should be given within a reasonable time. Why plaintiff waited four days before posting the letter to DeFelice is not explained. He was kept in ignorance of the acceptance of his offer for six days after the contract had been completed.
It is reasonable to suppose that De-Felice may have had, and doubtless did have, reasons satisfactory to himself for not making the deposit of ten per cent. He was interested in investing the sum of $21,000 in real estate and the offer submitted by him to purchase Mrs. Ziegler’s property stipulated that it would remain binding and irrevocable through March 10, 1945. DeFelice not hearing from plaintiff undoubtedly considered that there had been no acceptance and that the offer no longer bound him. Of course, this we do not know, but at any rate we feel that under the circumstances, DeFelice, so far as the plaintiff is concerned, was within his rights in refusing to pay the commission claimed by plaintiff.
The identical question presented in this case has been passed upon by this court on two occasions.
In Alex F. Dreyfous Co., Inc. v. Keifer, 11 La.App. 364, 122 So. 878, we said:
“We are of the opinion that the acceptance of plaintiff’s offer was not communicated to him within the time limited for its expiration, and that therefore, without considering the other defenses raised by the pleadings, the plaintiff cannot recover.”
See also Dane & Northrop v. Selzer, La.App., 63 So.2d 760.
Our opinion is that plaintiff is not entitled to a recovery, and therefore the judgment appealed from will be affirmed.
Affirmed.