YARRUT, Judge.
Plaintiff, a real estate agent, appeals from the judgment refusing him a commission, plus attorney’s fee, claimed to be due to him by Defendant, because the latter refused to complete his purchase of a dwelling, negotiated by Plaintiff, pursuant to the stipulation in the agreement that either party who defaults or fails to cooperate with Plaintiff becomes liable for his fee and the attorney’s fee.
The property, located in Jefferson Parish, La., was listed for sale with Plaintiff by the owners (husband and wife)'" for $17,-000.00.
Plaintiff obtained a written offer from Defendant on Plaintiff’s printed form called “Agreement to Purchase.” The offer bears date, “New Orleans, 9-6-57” to expire “at midnight on 9-7-57.” At the bottom, below the signature of Defendant there is in print “New Orleans- 195 — , I/we accept the above in all its terms and conditions.” Below are the admitted signatures of the owners (husband and wife).
Defendant filed an exception of no cause of action on the ground' the acceptance of the owners was not dated to show it was within the prescribed time limit of the offer, hence parol testimony was not admissible to prove the date. The District Court referred the exception to the merits, and maintained an objection to the parol testimony but, subject thereto, permitted the evidence to be attached to a bill of exception, under LSA-Code of Civil Procedure, Article 1636.
As between the parties to a written agreement of sale, parol evidence is admissible to show the date of its execution or acceptance, in the absence of a date or an erroneous date. LSA-Civil Code, Articles 2275-2276; Wimbush v. Jones, La.App., 136 So.2d 704; Louis v. Garrison, La.App., 64 So.2d 254; Dane & Northrop v. Selzer, La.App., 63 So.2d 760.
 The first question is whether or not the Plaintiff has borne the burden of proving the acceptance was within the time limit.
The vendors testified they signed the offer on September 6, 1957, at their home, late in the evening, when the “real estate man” brought it to their home. The proof preponderates that the offer of Defendant was signed before the expiration time. Defendant stresses the failure of Plaintiff to have notified him in writing of the acceptance before midnight of September 7th and cites cases, particularly Louisiana State Board of Education v. Lindsay, 227 La. 553, 79 So.2d 879, and Barchus v. Johnson, 151 La. 985, 92 So. 566, in support of this contention. These cases are not apposite here, because in both cited cases the parties dealt directly with each other, and failed to prove acceptance and that notice was given before the expiration time. Here, the parties were represented by the same real estate agent, who had notice of the timely signing. Notice to the agent was notice to his principal. Plaintiff was the agent of both parties. Dane & Northrop v. Selzer, supra, clearly is on “all fours” with this case. There, the court held that a real estate agent represents both parties and, when the purchaser authorizes the agent to transmit his offer of purchase to the owner, he authorizes the agent to receive acceptance of such offer.
There is a preponderance of proof that the’ offer to purchase was accepted and signed by the owners before the time limit expired.
The next question is what was Plaintiff’s duty with regard to notifying Defendant of such acceptance.
The case of Caruso-Goll v. De Felice, La.App., 72 So.2d 778, clearly states the duty of the agent is to give such notice within a reasonable time. What is a reasonable time in a given case depends upon the facts and circumstances of such case.
*93 Plaintiff notified Defendant first by letter and later by telegram, the latter on September 13, 1957, addressed to him at his residence in Des Moines, Iowa.
Defendant was a non-resident of Louisiana at the time he signed the offer to purchase. He was branch manager in Des Moines then for Loew’s, Inc. and was transferred to New Orleans. He came to New Orleans to purchase a home, inspected it and then signed the offer. He then returned to Des Moines for a vacation and to get hís wife and four children. Upon his return trip with his family they visited the dwelling. His wife decided it was too small and refused to complete the purchase, Defendant contending the agent told him he did not have to accept the dwelling if his wife did not approve. This evidence was clearly inadmissible as an attempt to change the terms of a written offer by parol. Further, Defendant quibbled over whether he received Plaintiff’s telegram of acceptance, though his wife admitted its receipt at Des Moines. It is absurd to say that the acceptance by the owners, say one hour before the lapse of the time limit, executed in the presence of the purchaser’s agent, would become invalid if the agent were unable to, or did not, notify such purchaser within the hour.
Any delay in notifying Defendant of the acceptance of his offer to purchase was due to Defendant’s absence from the City, without leaving adequate information where he could be contacted. When Plaintiff called the hotel in New Orleans where Defendant had registered, he was advised Defendant had checked out and left no forwarding address.
This cross-examination of Defendant puts the blame upon him for any delay in receiving notification from Plaintiff, viz.:
“Q. During the month of September did you stay at the New Orleans Hotel?
A. We stayed at the New Orleans Hotel approximately two weeks, as I recall.
“Q. Did you leave any forwarding address ?
“A. No, sir.
“Q. Did you ever receive mail at the New Orleans Hotel?
“A. Yes.
“Q. Then, why didn’t you leave a forwarding address?
“A. Because they knew where I worked and that was all that was necessary.
“Q. Did they ever send you any mail ?
“A. No.
“Q. And you don’t recall receiving this letter at all?
“A. No, I do not recall receiving it.
“Q. Now, after signing the agreement to purchase you went back to Des Moines, Iowa, is that correct ?
“A. Yes, sir.
“Q. And what was the purpose of going back, sir ?
“A. Vacation, and bring the family.”
For the reasons assigned, the judgment of the District Court is reversed, and judgment now rendered in favor of Plaintiff, James D. Russell, doing business as Jim Russell, Realtor, and against Defendant, Fred D. Armington, in the full sum of Eight Hundred Fifty and no/100 Dollars. ($850.00), with legal interest from judicial demand, plus $200.00 attorney’s fee; Defendant to pay all costs in both courts.
Judgment reversed and rendered.