YARRUT, Judge.
Plaintiff appeals from a judgment denying him recovery of the $3,000 deposit he made on account of an agreement to purchase for $30,000 certain lots of ground from Defendant Acres, Inc., located in Ken-ner Project Subdivision, Jefferson Parish, Louisiana. He signed the offer submitted to him by a friend of his, who was one of the salesmen for the selling agent, Family Real Estate, Inc.
Plaintiff seeks recovery of his deposit on two grounds :
1. That his offer to purchase was never accepted by Acres, Inc.;
2. That he was induced to make the purchase on the false representations of the selling agent, viz.:
Plaintiff informed said salesman that he would require assurance that any lots he would consider buying would front on a street and be situated at the entrance of an overpass over the planned Kenner-New Orleans Interstate Highway, which said street would be the entrance to University City.
Said salesman escorted Plaintiff to a site in Square 180 of the Kenner Project Subdivision, located near the corner of Aberdeen Street and Veterans Memorial Highway which he represented would be directly south of the entrance to the overpass to University City; and further represented that the State Highway Department had already acquired the west half of said Square 180 for construction of the approach to said overpass.
Said salesman represented that Plaintiff could acquire a portion of ground fronting 120 feet on Veterans Highway by 118 feet in depth, and front on what would be the approach to said overpass on Aberdeen Street, provided he acted with haste as others were interested in the same site.
Plaintiff informed said salesman that he was an orthodontist and would not be interested in acquiring any lots without assurances heretofore mentioned, as he would want to construct an office on the site for the practice of his profession.
On the evening of the same day said salesman called at Plaintiff’s home, accompanied by an individual introduced as the President of Family Real Estate, Inc.
In the course of said visit, said salesman and said President, or one or the other of them, assured Plaintiff that many lots had been previously sold to persons who planned *434 immediate construction of homes in University City; that off-site improvements, such as drainage and water, had been approved by the Mayor and Board of Aider-men of the City of Kenner, in cooperation with the Parish authorities of Jefferson Parish; that plans for building construction by Loyola University had already been completed and that it would soon commence to build which would result in the area being like “Tiger Town” in Baton Rouge, Louisiana; that Loyola University was cooperating in the sale of lots in University City, and was receiving $50 on every lot sold; that the overpass would be constructed on Aberdeen Street as previously stated by the salesman.
Both Defendants answered admitting the agreement of sale, but denying any misrepresentation or fraud; and Acres, Inc. reconvened to recover from Plaintiff $6,000, plus attorney’s fees and costs lost by Plaintiff’s default; and Family Real Estate, Inc. reconvened to recover $3,000 as one-half of its commission for securing the purchase for Acres, Inc.
The District Court rendered judgment dismissing Plaintiff’s main demand, as well as the reconventional demands of both Defendants.
Plaintiff testified that he unexpectedly met Tom Connors, a classmate of his at grammar school and Jesuit High School, on a Public Service bus. Connors mentioned to him the subdivision in question; told him he was a selling agent and suggested Plaintiff buy a site. They went to the subdivision together and Plaintiff decided to buy the lots for the location of a dental office.
Plaintiff is a graduate of Loyola University ; was well aware of the University’s location and admitted in his deposition, taken prior to the trial, that he had read and heard that the property had been acquired by Loyola only as a possible future site, and that Loyola had no present or future fixed plan for moving. Plaintiff, an alumnus of Loyola, and a successful practitioner, and one experienced in the purchase of real estate, could hardly have been misled by any statements made by a real estate agent, in view of the widespread publicity given to Loyola’s future plans.
We are convinced that Plaintiff, who admitted reading in the daily press and hearing on television about Loyola’s plans, and discussing them with several priests at Loyola, all of whom confirmed the press and television reports, was prompted to make the purchase by these media, and not by the selling agent’s repetition thereof.
Regarding the defense that Plaintiff’s offer was not accepted and there was no binding contract, the record shows that he was notified by the agent who negotiated the sale of its acceptance, and was advised of the time and place for its consummation at the office of the notary who would pass the sale. Plaintiff made no protest then, only asked for a postponement of the date fixed; and thereafter refused to take title.
The contract to buy and sell was consummated and binding on both parties when the offer to purchase was unconditionally accepted by Acres, Inc. and communicated to the agent who negotiated the sale. Dane & Northrop v. Selzer, La.App., 63 So.2d 760.
In his “Reasons for Judgment” the trial judge stated in dismissing Plaintiff’s suit, inter alia:
“This trial took two full days and contained many documents both by the plaintiff and defendants herein. From the testimony of all the witnesses and the documents which the Court had reviewed, the Court concludes that the plaintiff, a professional man, a dentist, who possesses a degree of intelligence and business acumen above that of the average man, entered into a binding contract with the defendant Acres, Inc. for the purchase of the lot in question. That all the information pertaining to this lot, particularly concerning the proposed action by Loyola University, was known to him and no misleading, fraudulent or misrep- *435 reservations were used by the defendants herein.”
The District Court also dismissed both reconventional demands from which no appeals were taken.
The judgment of the District Court is correct and is affirmed; Plaintiff to pay all costs of appeal.
Judgment affirmed.