CULPEPPER, Judge.
This is a suit for specific performance of written offers by defendant to purchase certain movable and immovable property. The district judge held the offers were not accepted by the plaintiff within the time specified. From a judgment dismissing his suit, plaintiff appealed.
The facts show that the defendant, Jack Karam, owned an Oldsmobile automobile agency in Oakdale, Louisiana. He negotiated to sell the business to Charles De-Rouen. Mr. DeRouen did not have the necessary funds. He arranged for financing from the plaintiff, Milford E. Box, and plaintiff’s father-in-law, Mr. R. C. Anderson, of Natchitoches, Louisiana.
The transaction was handled in a most unusual manner. Karam executed an act of sale conveying to DeRouen the automobile business and all of the furniture, fixtures, and equipment for the sum of $10,250. In addition, he executed an act of sale conveying to DeRouen four lots in the city of Oakdale for the sum of $4,800. Then DeRouen executed a cash sale conveying to Box the automobile business and the four lots in Oakdale. The deed to Box conveys an additional 20-acre tract of land located in Vernon Parish, which DeRouen apparently thought he had acquired from Karam, but actually had not. The sale from DeRouen to Box states a consideration of $15,000 and is dated September -, 1967.
*177 As a part of the same transaction, and apparently for the purpose of giving additional security to Mr. Box, Karam wrote two letters dated September 18, 1967, in which he agreed to repurchase the automobile business and the tracts of land being acquired by Box. The first of these concerns the automobile business and reads as follows:
“Mr. R. C. Anderson or Mr. Milford E. Box
Natchitoches, Louisiana
Dear Mr. Anderson:
This is to certify that I sold to Charles C. DeRouen all equipment and furniture and fixtures of the Karam Motor Company which' is now located in the De-Rouen Oldsmobile premises, for a total sum of $10,250.00. This sale was consummated in July, 1967.
I further certify that I will buy back, within 30 days from September 18, 1968 all this equipment that I sold him plus any other equipment not encumbered, for the total amount of $8,500.00. If it is necessary that I purchase this equipment, please notify me by September 18, 1967 and I will purchase it within 30 days.
I understand that this equipment and furniture and fixtures are to be sold to you immediately and I am therefore directing my letter to you.
Yours truly,
s/Jack Karam Jack Karam”
An almost identical letter concerns the real estate and reads as follows:
“Mr. R. C. Anderson or Mr. Milford E. Box
Natchitoches, Louisiana
Dear Mr. Anderson:
This is to certify that I have sold to Charles C. DeRouen Lots #27, 28, 29 and 30 of the Brabham Addition, City of Oakdale, Allen Parish and 20 acres of land in Vernon Parish described as follows:
'The West one half of the Southwest Quarter of the Northeast Quarter, Section 14, Township 2 South, Range 5 West, Vernon Parish, Louisiana, containing 20 acres more or less.’
for the sum total of $9,800.00.
I further agree to repurchase this land within 30 days after September 18, 1968, as above described belonging to Charles C. DeRouen for the total sum of $8,-500.00.
I further understand that this land is to be sold to you immediately and I am therefore directing my letter to you.
Yours truly,
s/Jack Karam Jack Karam”
It is appropriate to note at this point that the letter quoted above regarding the automobile business requests that the offer to repurchase be accepted by September 18, 1967 (emphasis supplied). This is obviously a typographical error since September 18, 1967 is also the date the letter was written. The intended date for acceptance was September 18, 1968. Furthermore, it is noted that the above quoted letter regarding the real estate does not expressly state a time limit for acceptance. However, we agree with the trial judge that the two letters must be construed together and when this is done the obvious intention of the parties was that both offers be accepted by September 18, 1968.
The offers to repurchase were not accepted by September 18, 1968. The first alleged acceptance of the offers to repurchase was a letter by plaintiff’s attorney, dated October 11, 1968, addressed to Mr. Karam in Oakdale. Mr. Karam denies receiving the letter but this factual issue is irrelevant. Even assuming the acceptance dated October 11, 1968 was received by Mr. Karam, it was not timely since *178 September 18, 1968 was the time specified for acceptance.
The applicable law is LSA-C.C. Articles 1801, 1802 as follows:
“Art. 1801. The party proposing shall be presumed to continue in the intention, which his proposal expressed, if, on receiving the unqualified assent of him to whom the proposition is made, he do not signify the change of his intention.
“Art. 1802. He is bound by his proposition, and the signification of his dissent will be of no avail, if the proposition be made in terms, which evince a design to give the other party the right of concluding the contract by his assent; and if that assent he given within such time as the situation of the parties and the nature of the contract shall prove that it was the intention of the proposer to allow." (Emphasis supplied)
Applying Article 1802 to the present case, the proposer, Mr. Karam, specified that the offer be accepted by September 18, 1968. No acceptance was made by that date and hence there was no assent within the time the proposer intended to allow. Most of the cases under Article 1802 involve offers where no specific time was provided for acceptance and the court found it necessary to determine the time allowed from the situation of the parties and the nature of the contract. Hanks v. Souder, La.App., 25 So.2d 253; Certified Roofing Company v. Jeffrion, 22 So.2d 143; City of Houma v. Sugar Bowl Gas Company, 234 La. 166, 99 So.2d 70 (1958). However, in a case like the present where the time allowed for acceptance of the offer is specified, there can be no question as to the intention of the proposer, Barchus v. Johnson, 151 La. 985, 92 So. 566 (1922).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.