GUIDRY, Judge
(dissenting).
I cannot agree with my brethren of the majority that the donation in question is null for not having been accepted in “precise terms” during the lifetime of the donor. The majority finds the acceptance imprecise because of two errors appearing in the notarial act of acceptance, i. e., the acceptance recites that the donation accepted was passed before Betty Rowe, Notary Public, in lieu of Ward Fontenot, Notary Public; and, the acceptance recites that the donation is dated November 28, 1973, in lieu of the correct date, November 27,1973. These inadvertent clerical errors do not, in my opinion, destroy the effectiveness of this otherwise valid authentic act of acceptance. As pointed out in the majority opinion the acceptance necessary to give validity to a contract must be without condition or limitation. LSA — R.C.C. Article 1805. With this I agree. The acceptance with which we are here concerned is precise being without limitation or condition. After referring to a donation made to him by Joe P. Rutherford the donee recites that “he accepts said Donation with gratitude.” What form of acceptance could be more precise?
The errors in the agreement of acceptance do not relate to the quality of the acceptance but solely to identification of the donation accepted. In my opinion, the inadvertent and obvious clerical errors in the authentic act of acceptance do not cast *324 any real doubt as to the donation intended to be accepted by the donee. The acceptance refers to a donation made by Joe P. Rutherford to J. W. Rutherford, Jr. The record does not indicate that Joe P. Rutherford ever made any donation to J. W. Rutherford, Jr. other than the one in question. The authentic act of acceptance was actually attached to the donation and recorded as one document in the records of Cameron Parish. Under these circumstances can there be any real doubt as to the donation intended to be accepted by the donee in the authentic act of acceptance. That the errors complained of were inadvertent clerical errors is patent from the record itself. The Notary before whom the act of acceptance was passed erroneously included her name and the date on which the instrument was executed in the blanks provided for insertion of the name of the Notary before whom the donation was passed and the date of such donation. In any event, parol evidence was admissible to prove and correct these obvious clerical errors which the majority considers as rendering uncertain the donation intended to be accepted by the donee. Dane & Northrop v. Selzer, 63 So.2d 760 (La.App. Orleans 1953); Levy v. Ward, 33 La.Ann. 1033; Harvey v. Gulf States Land and Improvement Company, 108 La. 550, 32 So. 475 and cases therein cited. I would hold that the authentic act passed before Betty Rowe, Notary Public, on November 28, 1973, sufficiently complied with the provisions of LSA — R.C C. Article 1540.
I would next hold that recordation of the donation with the acceptance attached in the records of Cameron Parish, Louisiana, prior to the death of the donor, constituted notice of such acceptance to the donor. LSA-R.C.C. Articles 2254 and 2264. In Planiol, Vol. 3, Part 2, Section 2565, page 256, is found the following:

“In ease of an acceptance by a later instrument, the donor has to be notified and the donation is effective for him from the day he has received the notification (Art. 932). This notification is made through the clerk of the court (hussier)

Finally, I would hold that the donor was mentally competent at the time he executed the donation, finding no manifest error in this factual conclusion of the trial judge.
In summation, for the reasons briefly hereinabove set forth I would find the donation valid. I respectfully dissent.