LOTTINGER, Judge.
This is a suit seeking specific performance ordering the defendant, Ponchatoula Farm Bureau Association, Inc., (Farm Bureau), to convey to the plaintiff, Joseph E. Ebrecht, a certain parcel of ground in the Town of Ponchatoula and all improvements thereon, and to declare the sale of the same property from Farm Bureau to defendant, Sam Reían, be vacated and set aside. From a judgment in favor of plaintiff, defendant Sam Reían has appealed.
FACTS
We glean the following facts from the record. On November 8, 1966, Farm Bureau sold to Meat Processors, Inc. a certain tract of land located in the Town of Pon-chatoula together with the building located thereon. Attached to the building but not included in the sale was a dock and loading area providing immediate access to a rail *56 road spur. The following day, November 9, Farm Bureau leased to Meat Processors the dock and loading area for a term of fifteen years. The lease agreement provided:
It is further agreed that in the event the Ponchatoula Farm Bureau decides to sell the dock and loading facility at any time, then in that event, Meat Processors, Inc. shall have the right and option to purchase the same at the fair market value therefor or at the best offer received by Ponchatoula Farm Bureau from a third party, whichever is higher.
On August 23, 1972, Meat Processors sold the property and building to Joseph E. Ebrecht and assigned all its rights in the November 9, 1966, lease agreement.
On December 2, 1981, a notice was published in a Ponchatoula newspaper informing all shareholders of Farm Bureau of an annual and special meeting to be held on December 9,1981, for the purpose of deciding whether (1) the articles of incorporation should be amended to make the term of the existence of the corporation perpetual, or (2) the corporation should be liquidated and the assets transferred to the shareholders on a pro-rata basis. The meeting was held, but a quorum failed to attend. By an informal show of hands, the shareholders present decided to advise the board of directors of Farm Bureau to liquidate the assets of the corporation. After the meeting, the board of directors adopted a resolution authorizing the sale of the subject property to Sam Reían, defendant, for $34,-500 cash.
We gather from the record that when Farm Bureau was originally incorporated, a fifty-year duration was authorized. This term was about to expire at the time of the meeting; thus it was necessary to amend the articles of incorporation to extend the duration or to liquidate the corporation.
Plaintiff contends that Farm Bureau had an appraisal of the subject property done thus evidencing a desire to sell; that prior to the expiration of the original fifteen year lease, Farm Bureau executed a lease in favor of Sam Reían (which lease was not recorded); that said lease contained an option to buy; that prior to the expiration of the fifteen year lease plaintiff expressed his desire to buy the dock and loading area to Farm Bureau’s attorney; that by refusing to sell to plaintiff and in turn selling to defendant Reían, Farm Bureau breached the terms of the original agreement; and that the original lease agreement dated November 9, 1966, as well as the sale from Meat Processors to plaintiff were recorded in the clerk of court's office and are a matter of public record.
TRIAL COURT
In written reasons the trial judge concluded that Farm Bureau did not sell to plaintiff because it had granted an option to Reían, that by granting an option to Reían, Farm Bureau “violated the terms of the original agreement and effectively denied Joseph E. Ebrecht the right of first refusal on the dock and loading facility,” and that Farm Bureau violated the original agreement when it refused to sell to plaintiff.
ASSIGNMENTS OF ERROR
Defendant-appellant Sam Reían contends the trial court erred:
1) in ordering Farm Bureau to convey to plaintiff the dock and loading facility which it no longer owned;
2) in holding that an option in the unrecorded lease from Farm Bureau to Reían denied plaintiff the right of first refusal contained in the original lease which was recorded;
3) in finding that Farm Bureau violated the terms of its original agreement by refusing to sell to plaintiff;
4) in finding that plaintiff exercised his right of first refusal by verbally telling Farm Bureau’s attorney he desired to buy the subject property;
5) in finding that Farm Bureau decided to sell prior to November 8, 1981; and
6) in setting aside a sale of land as a result of unrecorded and unproven claims.
*57 Farm Bureau did not appeal and is thus not a party to this proceeding.
I
Rather than answer each of the assignments of error, we believe it would be simpler if we explore the rights existing between the parties.
Though the above-quoted language from the November 9, 1966, lease agreement uses the term “option,” we conclude that neither the lessee, Meat Processors, nor its assignee, acquired an “option to purchase” as that term is generally understood. An option is a unilateral contract whereby one party obligates himself to sell to another party a certain thing for a price, under certain terms and conditions, within a stipulated period of time. Farm Bureau was never obligated to sell the subject property except when it decided to do so. It is obvious even to the casual observer that at no time during the life of the lease agreement could the lessee exercise the so-called “option” because the terms of the agreement clearly provided that Farm Bureau would only sell when it decided to do so. Thus, any argument centering around any attempt by plaintiff to exercise the option is without merit.
II
The language in the lease agreement granting to lessee “in the event the Ponchatoula Farm Bureau decides to sell.... the right and option to purchase” is properly termed a “right of first refusal.” Crawford v. Deshotels, 359 So.2d 118 (La.1978); Price v. Town of Ruston, 171 La. 985, 132 So. 653 (1931). Though a “right of first refusal” is not null for want of a limitation as to time, Price v. Town of Ruston, supra, we conclude the “right of first refusal” was limited to the length of the lease agreement. Interestingly, we would not reach this conclusion if the “right of first refusal” had been included in the sale of the property and building by Farm Bureau to Meat Processors. An inclusion in the sale would have been evidence of the significance which the owner of the building placed on also owning the dock and loading area which was attached to the building. However, the lessor’s inclusion of the “first right to purchase” in a lease agreement without an option to renew the lease and the plaintiff’s failure to show that the lessee ever attempted to negotiate a new lease are evidence that the term of the “first right to purchase” was intended to be limited by the length of the lease. Otherwise, without ever deciding to sell the dock and loading area, Farm Bureau could have leased the dock and loading area to a third party, thus depriving plaintiff of the use thereof. When the lease terminated by its own terms, the “right of first refusal” also terminated.
Ill
We are of the opinion that the trial judge was manifestly erroneous and clearly wrong when he concluded as a matter of fact that Farm Bureau refused to sell to plaintiff because it had already granted an option to Reían. At the time that plaintiff supposedly told Farm Bureau’s attorney that he wished to purchase the dock and loading area, the December 9, 1981, meeting, at which it was decided to liquidate the corporation, had not yet taken place.
The mere evidence that Farm Bureau had in mid 1981 obtained an appraisal of the property was explained by Mrs. Hilda Fletcher, corporate secretary of Farm Bureau, as being prepared if the shareholders decided to liquidate the corporation. Viewed against the backdrop of the pending expiration of the term of the corporation, an appraisal of the value of an asset of the corporation was proper in preparing to present the question to the shareholders of extension of the corporate duration or liquidation.
Hilda Fletcher did make mention in her testimony of a lease of the corporation’s facilities to Sam Reían when he took over the operations of Farm Bureau as well as a right of first refusal purchase” contained in the lease. Without this lease document forming part of the evidence before the *58 trial court, it is most difficult, if not impossible, to determine the significance this alleged agreement had with Farm Bureau’s decision not to sell during the original lease agreement. Be that as it may, it should be apparent that Farm Bureau had no intention of entering into an additional lease with plaintiff, nor did it intend to obligate itself to sell the subject property by granting an “option to purchase.”
Therefore, we conclude that plaintiff did not possess an “option to purchase”; that plaintiff possessed a “right of first refusal” for a term of fifteen years expiring on November 8, 1981, and that Farm Bureau did not decide to sell until December 9, 1981, after any rights of plaintiff had expired.
DECREE
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and there is now judgment dismissing plaintiffs suit at plaintiffs costs in both the trial court and in this court.
REVERSED AND RENDERED.
CARTER, J., concurs.