634 So.2d 46 (1994)
BARO CONTROLS, INC.
v.
Helen PREJEAN.
No. 93 CA 0586.
Court of Appeal of Louisiana, First Circuit.
March 11, 1994.
Eugene Groves, Baton Rouge, for plaintiff-appellant Baro Controls, Inc.
Hobart Pardue, Springfield, for defendant-appellee Helen Prejean.
O'Neal Walsh, Baton Rouge, for defendant-appellee American Motorist.
Before FOIL, PITCHER and PARRO, JJ.
PITCHER, Judge.
This is an appeal of a trial court's judgment nullifying the right of an option grantor to retain a $10,000.00 option price because of an alleged defect in the property. We reverse.

*47 FACTS

On June 6, 1988, Baro Controls, Inc. (Baro), a Texas corporation and owner of Lot 27-A of Joy's Riverway Estates in Livingston Parish, Louisiana, entered into a contract of lease for said property with Helen Prejean (Mrs. Prejean). The term of the lease was from June 1, 1988 to September 19, 1988, with monthly rental amounts payable as follow: June, $800.00; July, $400.00; and August through September 19 $300.00. For the additional consideration of $10,000.00, Mrs. Prejean was granted an option to purchase the property for the sum of $130,000.00. Under the agreement, Mrs. Prejean was to exercise her option on or before September 1, 1988. If she failed to exercise her option within this time frame, the $10,000.00 would be deemed forfeited. Additionally, a forfeiture could result from a default of any term or condition of the lease, or from termination of the lease for any reason, or from a failure to purchase the property as provided for under the agreement.
On July 19, 1988, Baro offered to modify the lease by extending the term of the lease to November 15, 1988. Additionally, the rent from the first of August through the end of September would be fixed at $400.00, and then increased to $1,500.00 per month thereafter. The deadline for exercising the option remained at September 1, 1988. The lease agreement specified that any modification to the agreement was to be in writing and signed by the parties.
The September 1, 1988 deadline passed without Mrs. Prejean exercising her option to purchase the property. She stopped paying rent as of October 1, 1988, but continued to occupy the premises. By letter dated October 27, 1988, Baro notified Mrs. Prejean that she was being put in default for failure to pay rent under the terms of the lease agreement.
By letter dated November 5, 1988, Mrs. Prejean's attorney sought to renegotiate the purchase price of the property. In his letter it was claimed that extensive repairs were needed because there was a rotten beam supporting an upstairs deck. Baro responded by offering to reduce the purchase price by $20,000.00. Mrs. Prejean, again through her attorney, wrote Baro and advised that the repair costs might be as much as $25,000.00, and offered to renegotiate the purchase price. Baro responded by offering to reduce the sales price by 25%, provided that Mrs. Prejean pay all past due rent, pay $20,000 of the purchase price by December 1, 1988, and close the sale by December 15, 1988.
Baro and Mrs. Prejean failed to reach a new agreement. Baro filed a rule to evict Mrs. Prejean on December 15, 1988. Mrs. Prejean filed a reconventional demand seeking the return of her $10,000.00 option price because of the alleged defect in the property. Baro then filed pleadings to recover all past due rent under the terms of the lease.
After trial on the merits, the trial judge held that Mrs. Prejean was entitled to the return of her option deposit, subject to an off-set of $2,000.00 for past due rent. This suspensive appeal followed.

THE OPTION
Baro contends that the trial judge erred in rescinding the option and returning the $10,000.00 option price to Mrs. Prejean, notwithstanding the fact that she failed to exercise her option in a timely manner. We agree.
An option is a unilateral contract whereby one party obligates himself to sell to another party a certain thing for a price, under certain terms and conditions, within a stipulated period of time. Ebrecht v. Ponchatoula Farm Bureau Association, Inc., 498 So.2d 55, 57 (La.App. 1st Cir.1986), writ denied, 501 So.2d 233 (La.1987). Additionally, an option grants to a party an elective right that, when exercised, ripens into a binding contract to buy and sell. Major Commodity Corporation v. Cunningham, 555 So.2d 525, 527 (La.App. 4th Cir.1989). The grantee is free to accept or reject the offer or promise to sell of his own volition within the specified time period.
Statutorily, the option is governed by LSA-C.C. art. 2462 and reads in pertinent part:
One may purchase the right, or option to accept or reject, within a stipulated time, *48 an offer or promise to sell, after the purchase of such option, for any consideration therein stipulated, such offer, or promise can not be withdrawn before the time agreed upon; and should it be accepted within the time stipulated, the contract or agreement to sell, evidenced by such promise and acceptance, may be specifically enforced by either party.
The record in the instant case clearly reflects that Baro obligated itself to sell to Mrs. Prejean, Lot 27-A of Joy's Riverway Estates in Livingston Parish, Louisiana, and that it would not withdraw the offer before the expiration of the option. The price was fixed at $130,000.00, and Mrs. Prejean had to accept or reject the offer on or before September 1, 1988. The language of the agreement was clear and unambiguous and was sufficient to put Mrs. Prejean on notice that should she fail to exercise her option on or before the stipulated date, she would forfeit her option to purchase. The September 1, 1988 expiration date passed without Mrs. Prejean notifying Baro that she was accepting the offer in accordance with the terms of the agreement. When this happened, the forfeiture took effect, and Baro was therefore entitled to keep the option money without applying it to any sales price.
We believe that the trial judge erred as a matter of law and was clearly wrong when he ordered the return of the option price. Apparently, the trial judge reasoned that a rotten beam, which Mrs. Prejean cited as being one of the reasons why she decided not to exercise her option, was of such a nature that it would allow her to back out of the option agreement. However, in order for a defect to rise to the level of error necessary to vitiate consent, the error must be as to the principal cause for making the contract, and the cause was known or should have been known to the other party. LSA-C.C. art. 1949. Additionally, one must prove that the obligation would not have been incurred by a reasonable person who knew of the defective condition. See, Sigsworth v. Gernon, 465 So.2d 705, 707 (La.1985). We believe that Mrs. Prejean failed to establish that the defect was of such a nature that she would not have purchased the option had she known of the condition prior to June 6, 1988. The record bears out that Mrs. Prejean continued to live in the residence for some five months past the expiration of the date to exercise the option, and continued in her efforts to purchase the property, through her attorney, at a renegotiated price. Throughout the attempted renegotiations, Mrs. Prejean contended that the repairs to the rotten beam were going to cost anywhere from a low of $25,000.00 to a high of $40,000.00. However, the record reflects that the ultimate purchaser of the property repaired the defective condition for $4,300.00.
We believe that Mrs. Prejean gambled and lost. She gambled that a renegotiated sales price for the property would be confected, and that she would be able to apply the $10,000.00 option price to the new deal, even though the option had expired. Because Mrs. Prejean failed to exercise her option in a timely fashion, she is not entitled to a return of her option price.

PAST DUE RENT
Baro further contends that it is entitled to collect past due rent based upon the terms of a written modification to the original agreement that was tendered to Mrs. Prejean. We disagree.
Although Mrs. Prejean testified that she verbally agreed with the modification agreement which was tendered to her, Baro is precluded from collecting the amounts set forth therein, because Article XII of the original lease agreement specified that any modifications to the lease agreement must be in writing and signed by the parties. Mrs. Prejean never signed the modification, and the new rental amounts never went into effect. Therefore, the trial judge was correct in granting judgment in favor of Baro for the sum of $2,000.00, based on five (5) months of past due rent at the rate of $400.00 per month, which was a reasonable rental in accordance with the terms of the original lease agreement.
For the above and foregoing reasons, the judgment of the trial court is reversed as to the return of the option price, and affirmed as to the award for past due rents. All costs *49 of this appeal are assessed against Helen Prejean.
AFFIRMED IN PART AND REVERSED IN PART.