HAMITER, Justice.
In this action for specific performance the Louisiana State Board of Education seeks to obtain from Roy S. Lindsay title to a tract of land in the Parish of East Baton Rouge containing 453 acres, together with all farm equipment, products, and livestock situated thereon, the plaintiff urging a *558 timely exercising of an option to purchase granted it by the defendant.
The district court sustained an exception of no cause of action and dismissed the suit. Plaintiff is appealing. _
According to the allegations of fact of the petition and the attached documents, ■which are governing in a consideration of the exception, the defendant (on October 16, 1953) gave to Verdie Reece Perkins, a licensed realtor of Baton Rouge operating under the name of Perkins and Son, the exclusive right to sell the property for a period of sixty days, or until December 15, 1953.
The realtor, on November 30, 1953 and in keeping with such listing, granted an option to buy, it being in the form of a letter and reading as follows:
“Dr. F. G. Clark, Pres.,
Southern University,
Baton Rouge, Louisiana.
Dear Dr. Clark:
“For the sum of Two hundred Fifty Dollars ($250.00), receipt of which is hereby acknowledged, we give you the exclusive option to buy the 453 acres belonging to Roy Lindsay and known as the Bass Place, located 2}^ miles North of Zachary, Louisiana, and West of the I. C. Railroad in East Baton Rouge Parish^ together with all improvements for the price of $67,500.00 cash, or, with the cattle, livestock, implements, etc., for $77,500.00, cash.
“This option to expire as of Midnight, December 15th, 1953. If sale is passed the $250.00 deposit shall apply on the purchase price of the property.
“Very truly yours,
(Sgd.) V. R. Perkins
V. R. Perkins
as/ listing contract
“Acknowledged: (Sgd.) F. G. Clark”
On December 2, 1953 the defendant Lindsay, in a letter to Perkins which the latter had requested, agreed that should Southern University or some state agency sign a binding agreement to purchase the property within the listing period he would allow thirty days, or until January 15, 1954, for completion of the sale.
On December 11, 1953 the Louisiana State Board of Education, as is revealed by the minutes of a meeting held that day, took the following action: “On motion of Mr. Curry, seconded by Mr. Madison, the Board approved the purchase of a farm consisting of approximately 453 acres of land including livestock and all equipment for Southern University and requested the Building Authority to purchase this farm complete with the understanding that there will be no reservations and that the Board will acquire the mineral rights.”
On December 14, 1953, as alleged in a supplemental petition, “Dr. Felton G. Clark, in his capacity as President of Southern University, gave the said Perkins verbal *560 notice that on December 11, 1953, the Louisiana State Board of Education adopted a resolution exercising the option aforesaid by approving the purchase of the property * * *_«
Subsequent to the option’s expiration date of December 15, 1953, specifically on December 22, 1953, the optionee wrote and dispatched the following letter:
“Mr. Verdie Reece Perkins
c/o Perkins & Son
Baton Rouge, Louisiana
Dear Mr. Perkins:
“This is to officially advise you that on December 11, 1953, the Louisiana State Board of Education, on the motion of Mr. Curry, seconded by Mr. Madison, approved the purchase of the farm consisting of 453 acres, on which you gave me the exclusive option by letter dated November 30, 1953.
“This will confirm the notice to you of the acceptance of the offer on Monday, December 14, 1953, and to assure you the transaction will be completed on or before the fifteenth day of January, 1954, in accordance with the letter of Mr. Roy S. Lindsay of December 2nd, 1954, to Perkins & Son, Realtors.
“Attached hereto is a certified copy of the resolution of Louisiana State Board of Education.
“Very truly yours,
(Sgd.) Felton G. Clark
Felton G. Clark, President
Southern University”
On December 23, 1953 a meeting of the Louisiana State Building Authority was held, as its minutes reflect, and the Honorable’A. P. Tugwell, a member thereof and the State Treasurer, announced that “the purpose of this meeting was to approve the appropriation by the Authority the sum of $77,500 to the Louisiana State Board of Education for the purpose of purchasing farm lands for Southern University.” Whereupon, the Authority adopted a resolution which provided that “the sum of Seventy-seven Thousand, five hundred and No/100 ($77,500.00) Dollars is hereby appropriated to the State Board of Education for the purpose of buying farm lands, improvements and equipment for Southern University from Roy S. Lindsay.”
On December 31, 1953 the defendant Lindsay addressed a letter to V. R. Perkins, in reply to one of December 22, 1953 announcing plaintiff’s approval of the purchase, informing him of the sale of the property to another. This suit followed on January 14, 1954.
The defendant, under his exception of no cause of action which the district court sustained, contends that the petition does not show a written acceptance of the option by plaintiff within the prescribed period of time, such as is required for the creation of a binding contract of sale, he citing and relying on Civil Code Articles 1802, 2275, 2462, and on Elmer v. Hart, 121 La. 537, 46 So. 619, Barchus v. Johnson, *562 151 La. 985, 92 So. 566; Davidson v. Midstates Oil Corporation, 211 La. 882, 31 So. 2d 7, and other cases.
Recognizing the invoked requirement in our law for a written acceptance of an option, plaintiff takes the position, to quote from the brief of its counsel, that “ * * * The resolution of the plaintiff board exercising its option was in writing and that was sufficient to convert the option into a promise of sale since both written acceptance of defendant’s offer and notice thereof occurred prior to December 15, 1953. Such notice to defendant’s agent was, of course, notice to defendant. * * * ” Counsel argue, in other words, that the written resolution adopted by the plaintiff hoard on December 11, 1953, of which defendant received verbal notice on December 14, 1953 (within the prescribed time), constituted an acceptance or exercise of the option and fully satisfied the mentioned legal requirement. And, in this connection, they rely particularly on Dane & Northrop v. Selzer, Court of Appeal, Orleans, 63 So.2d 760, urging that such “case is on all fours with the case at bar.” In that matter the court held to be valid and binding as a contract a written offer to purchase which had been accepted by the offeree’s signing of that instrument prior to the designated expiration date, notwithstanding that notice of the acceptance was given to the offeror only by means of a telephone communication.
The two cases are easily distinguishable in that here no timely written acceptance of the option is to be found, the resolution by this plaintiff of December 11, 1953, on which its counsel principally rely, not haying had that effect. Even if it be assumed that the plaintiff hoard held the presently considered exclusive purchasing privilege (it is to be noted that the instrument was in favor of “Dr. F. G. Clark, Pres., Southern University”, and there does not appear to have been an assignment of his rights), the mentioned resolution discloses no intention whatever of an exercising of the privilege, especially within the stipulated period. As before shown the adopted motion merely “approved the purchase of a farm consisting of approximately 453 acres of land including livestock and all equipment for Southern University and requested the Building Authority to purchase this farm complete with the understanding that there will be no reservations, and that the Board will acquire the mineral rights.” No mention is therein made of any option, any specified price to be paid, or any particular farm of approximately 453 acres. And no time is designated for the Building Authority’s carrying out the purchase request made of it. (Underscoring ours.)
If this defendant were now suing on the option to compel this plaintiff to pay the consideration recited therein and to take title, surely it could not be held that the resolution, very general in its provisions and reciting no purchase price, had the effect of creating a valid and binding contract to purchase enforceable by such defendant. Conversely, it must, also be con- *564 eluded that this plaintiff cannot succeed herein.
For the reasons assigned the judgment appealed from is affirmed.
PONDER, J., absent.