BOUTALL, Judge.
Plaintiff brought a suit for specific performance to enforce an option to buy certain real estate, which option was granted in an agreement of lease. From an adverse ruling, plaintiff appeals.
The facts are that plaintiff-appellant, Books, Etc. Inc., had leased a portion of a double house from Abraham Krushevski, defendant-appellee herein for a period of several years for use as a book store. On June 24, 1966, appellant entered into a lease agreement beginning July 16, 1966, for the other half of the premises, so that the entire building would be utilized by appellant as a book store. The written proposal contained the following sentence:
“We want an option to buy this property anytime within the first 3 years for the sum of $25,000.00.”
The proposal was accepted on June 25, 1966, by Mr. Krushevski. It is this option which gives rise to the present suit.
Appellant occupied the building for more than two years under the agreement, together with an agreement for the other side *497 of the building, and prior to the expiration of the 3 year period, took certain actions in an attempt to purchase the building.
On February 20, 1969, the president of Books, Etc. Inc., wrote a letter to Mr. Krushevski stating that it had received an appraisal of the building for $20,000.00 and offered to buy the property for $20,000.00. Upon receiving no reply, another letter was sent on March 6, 1969, seeking a reply to the first letter. The appellant then retained legal counsel to aid it in the acquisition of this property, and on May 15, 1969, a registered letter was sent to Mr. Kru-shevski over counsel’s signature informing him that Mrs. Suzanne Link (who is president of appellant corporation) will exercise her option to purchase the premises, and requesting that a copy of the title be forwarded in order to begin examination thereof. This was followed on May 19, 1969, by another letter, apparently for the purpose of correcting the first, advising that the lease was held by Books, Etc. Inc., of which Suzanne Link was president, and informing appellee that Books, Etc. Inc., desired to exercise the option to purchase and that Books, Etc. Inc., had authorized the attorney to act in their behalf for the purchase of the premises.
There was still no reply from the owner, and on June 9, 1969, the counsel for appellant wrote a further letter requesting Kru-shevski to forward a copy of title and purportedly enclosing an agreement tO' purchase the property in accordance with the option executed by Books, Etc. Inc., and Krushevski. Although the letter was introduced into evidence, the agreement to purchase, purportedly forwarded with the letter, was never introduced into evidence. On June 18, 1969, Mr. Krushevski addressed a letter to appellant’s counsel stating to him that under no circumstances could he déliver the property in question for reasons explained in a telephone conversation. (One reason was that he had divested himself of title.) On July 1, 1969, appellant brought suit.
The major issue raised by the defense is that there has never been a proper exercise of the option to purchase by appellant, and that no proper notification has ever been given. A reference to the actions outlined above show that the first two letters written by president of appellant were not an exercise of the option at all, but were in effect simply an offer to purchase the property for $20,000.00 As to the letters written by counsel, it is contended that counsel could not legally bind anyone to an agreement to buy or sell real estate without the written authorization of his client. The trial court found that the authority to exercise this option was oral and for this reason held that there was no proper exercise of the option.
Assuming, but not deciding, that there is ample legal authority for the court’s holding under the principles announced in the cases of Lake v. Le Jeune, 226 La. 48, 74 So.2d 899 (1954) and the case of Bordelon v. Crabtree, 216 La. 345, 43 So.2d 682 (1949), we find it unnecessary to enter into a detailed discussion of these issues, because of the filing of the suit herein. The lease began July 15, 1966 and ran for 5 years, and the option to buy was for any time within the first 3 years from July 15, 1966. Suit was filed herein on July 1, 1969, which, of course, is within the three year period. It is our belief that the timely filing of this suit, demanding specific performance is sufficient notification and acceptance of the option to buy.
In McMikle v. O’Neal, 207 So.2d 922 (La.App. 2nd Cir., 1968) the court defined an option as nothing more than an elective right that when exercised ripens into a binding contract to buy and sell, and is therefore governed by the provisions of LSA-C.C. art. 2462. That article reads as follows:
“Art. 2462. Specific performance of options and promises to sell
Art. 2462. A promise to sell, when there exists a reciprocal consent of both *498 parties as to the thing, the price and terms, and which, if it relates to immova-bles, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same.
One may purchase the right, or option to accept or reject, within a stipulated time, an offer or promise to sell, [sic] [1] after the purchase of such option, for any consideration therein stipulated, such offer, or promise can not be withdrawn before the time agreed upon; and should it be accepted within the time stipulated, the contract or agreement to sell, evidenced by such promise and acceptance, may be specifically enforced by either party.”
In considering an issue arising out of an option to buy, the Supreme Court of Louisiana set out the requirements of the law necessary to successfully invoke a sale thereunder in the case of Louisiana State Board of Education v. Lindsay, 227 La. 553, 79 So.2d 879 (1954):
“[3] It is manifest, therefore, that not only must an option to buy immovable property ‘be evidenced by a written instrument’ but the unqualified acceptance thereof be evidenced in writing, giving full recognition to and in accordance with the terms and conditions of the proposal, and formally exercised and tendered to the proposer prior to' the expiration of the stipulated time.” (79 So.2d 885)
We are of the opinion that, under the circumstances of this case, the filing of the suit within the stipulated time is sufficient to meet these requirements. After describing the lease-option agreement and relating the efforts to notify defendant of the exercise of the option to buy through the letters of its attorney and the refusal of defendant to perform the petition recites:
“That in accordance with the terms of the annexed agreement and by virtue of Article 2462 of Louisiana Civil Code, petitioner desires to exercise its option to demand specific performance of said agreement.”
It should be noted that there is no special form necessary to the exercise of an option to buy, simply that it be in writing and in accordance with the terms of the option and the grantor of the option be timely notified. Here, suit was filed July 1st, and service made on Mr. Krushev-ski on July 3rd. The option did not expire until after July 14th, and so there is timely exercise. The suit is, of course, in writing and the option is sought to be exercised in accordance with its terms.
We see no reason, therefore, that the suit itself cannot be the vehicle to secure the exercise of the option. LSA-C.C.P. arts. 421 and 422 define a civil action as follows:
“Art. 421. Civil Action; commencement; amicable demand unnecessary
A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. Amicable demand is not a condition precedent to a civil action, unless specifically required by law.”
“Art. 422. Personal, real, mixed actions
A personal action is one brought to enforce an obligation against the obligor, personally and independently of the property which he may own, claim, or possess.
A real action is one brought to enforce rights in, to, or upon immovable property.
A mixed action is one brought to enforce both rights in, to, or upon immovable property, and a related obligation against the owner, claimant, or possessor thereof.”
We are therefore of the opinion that there was a valid exercise of the option to *499 buy and the judgment of the trial court on this issue should be set aside.
Appellee, however, raises another issue, that is, the sufficiency of the description of the property subject to the option. He points out that the lease agreement containing the option describes the property only as 8132 Hampson Street, and, since this is a double house, the address of one side being 8132 and the other side 8134, the agreement is to sell only one-half of the building.
While appellee insists in his testimony that he only intended to transfer one-half of the building, he also insists that he received no consideration for the option and considered it ineffective. The evidence shows that appellant was already renting the 8134 side of the building and that it sought to expand its operation and use both sides, resulting in the agreement in question. The roof had been badly damaged in a hurricane the preceding year and other repairs were necessary. The appellant undertook to install a new roof at its expense and make the necessary repairs. Negotiations over these repairs and the prospective lease of the entire building led to the confection of the agreement a quo.
Additionally, there was evidence to show that at this same time, Mr. Krushevski sold a similar double, located on the corner next to this one, to other parties for the price of $25,000.00. A consideration of his testimony leads us to conclude that his main objection to this sale is that a proposed shopping center is now being located across the street and the property has become enhanced in value.
The trial court found the agreement encompassed the whole property and we agree with this finding.
We are thus brought to a consideration of the relief to be granted. The evidence shows that Mr. Krushevski transferred the property to his wife after the signing of the lease-option agreement. A supplemental petition was filed alleging fraud, praying the transfer be set aside and making Mrs. Krushevski a party defendant.
Because of his finding of no proper exercise of the option, the trial judge expressed no opinion as to the effect of the transfer to Mrs. Krushevski. We find the evidence on this issue to be in such an unsatisfactory state that we hesitate to render an opinion thereon. We believe justice would be better served by remanding this issue to the trial court for a hearing thereon, granting all parties the opportunity to introduce further evidence, and to permit the trial court to render such judgment as may be consistent with the evidence and applicable law.
For the above reasons, we reverse the judgment of the trial court and render judgment in favor of appellant decreeing that it has properly exercised its option to buy the premises and real estate located at 8132-8134 Hampson Street, New Orleans, Louisiana. Further, this matter is remanded for a full evidentiary hearing and decision on the issue of the relief sought, that is, specific performance of the transfer of the title, and such further proceedings necessary or incidental thereto.
Assessment of costs to await the final outcome of the case.
Reversed and remanded.

. It is suggested that instead of a comma as in Act 27 of 1920, there should be a period. See Act 249 of 1910.