FRUGÉ, Judge.
This is a suit for specific performance arising out of the refusal of one of the defendants to fulfill an option contract. Five co-owners, Erwin Heirs, Inc., in Liquidation, Austin W. Lewis, George W. Liskow, Cullen R. Liskow, and Mrs. Alice Barr Smith, sold to Brock Lawes an option to purchase a certain parcel of land for $32,000 payable as follows: $8,000 cash upon the closing of the sale and the balance of $24,000 payable in four equal, annual installments of $6,000 each plus accrued interest of 7%. The option’s term was “one (1) year from this date”; it was dated January 5, 1971, and was to be exercised by sending a registered letter to Gossett Smith, the representative and liquidator of Erwin Heirs, Inc. Mr. Lawes exercised the option with the following letter which was sent to and received by Mr. Gossett Smith on January 4, 1972:
“Dear Mr. Smith:
“This letter signifies my intention to exercise the option to purchase the property covered by the option agreement dated January S, 1971, between the Erwin Heirs, Inc., Mrs. Alice Barr Smith, Austin W. Lewis and Cullin R. Liskow to R. Brock Lawes.
“I am prepared to close the transaction immediately.
Yours very truly,
R. Brock Lawes”
Upon Mrs. Smith’s refusal to sign a deed conveying the property to Lawes, he filed suit for specific performance. All of the defendants, except Mrs. Smith, answered plaintiff’s petition by admitting his allegations of fact, acknowledging they were bound under the option to execute the deed to the petitioner in accordance with the terms of the option, and declaring their willingness to sign such a deed upon presentation. Mrs. Smith answered by generally denying the allegations and setting up certain defenses. The trial judge rendered judgment ordering specific performance.
On her appeal from that judgment, Mrs. Smith contends that the trial court erred in- (1) holding that the option agreement was exercised within the prescribed time limit; (2) not holding that an attempted exercise of the option agreement by Trades, Inc. gave Mrs. Smith the right to revoke the option agreement, and (3) holding that the vendor’s lien deed and promissory note tendered with the exercise of the option by Trades, Inc. and by R. Brock Lawes, were in conformity with the terms and conditions of the offer contained in the option agreement. We affirm.
The facts in this case are not in dispute. They are either reflected by the written agreements and letters filed in the record or were stipulated by counsel. Counsel differ in their interpretation of the facts. The facts are as follows. Since the co-owners lived in different localities, they could not meet in one place to sign the option. The trial judge found that it was signed in the following manner:
“. . . . the option to purchase given by defendants to plaintiff was prepared to be circulated by mail and signed by the parties at different places. It was first executed by Mrs. Alice Barr Smith in Orleans Parish on November 21, 1970. The next signature was affixed in New York on December 21, 1970, by George W. Liskow. It was then returned to New Orleans and signed there by Austin W. Lewis on December 23, 1970. The remaining signatures, those of Gossett Smith, Liquidator, Cullen R. Liskow and R. Brock Lawes, were affixed before N. F. Anderson, Notary Public, in Lake Charles, Louisiana on January 5, 1971. This date at that time was entered as the date of the instrument on its front page, and the name of N. F. Anderson was written in as the notary before whom the appearances were made.”
On November 22, 1971, Trades, Inc. attempted to exercise the option by a letter addressed to Gossett Smith. Although the letter stated that the option had been as *498 signed to Trades, Inc., by Mr. Lawes, there was no assignment of the option on record. Mrs. Smith rejected this attempted exercise of the option as not conforming to the option. On January 4, 1972, Brock Lawes, individually, exercised the option by the above-quoted letter to Gossett Smith. Mrs. Smith rejected the exercise of the option by Mr. Lawes also. Shortly thereafter, Mrs. Smith received a vendor’s lien deed and note identical to those accompanying the attempted exercise of the option by Trades, Inc., except that Mr. Lawes was listed as vendee. She refused to sign these instruments. The trial court found that the note and vendor’s lien forms were only suggestions that did attempt to comply in detail with the requirements of the option.
In support of her first specification of error, the appellant contends that the words “this date” in the1'option agreement are ambiguous and must be read to mean the date on which Mrs. Smith signed the option (November 21, 1970) and not the date which appears at the top of the option agreement (January S, 1971). If this meaning were given to the option, then Mr. Lawes’ letter exercising the option would not have been timely. The date of the option agreement was blank when Mrs. Smith signed it and remained blank until completed by the last two co-owners and Mr. Lawes. We agree with the trial court that the circumstances under which the option was signed and the option’s language clearly show that it was the intent of all the co-owners to grant one option to buy the whole ownership rather than .separate options to buy fractional interest. The option agreement was not perfected until all the co-owners had signed on January 5, 1971. There is no manifest error in the trial court’s finding that the day when the last two co-owners and Mr. Lawes perfected the option was the date from which the term began to run.
Appellant’s second and third specifications of error are based upon the argument that the attempted exercises of the option by Trades, Inc. and Mr. Lawes were not in conformance with the option agreement and that Mrs. Smith therefore had the right to withdraw the offer contained in the agreement. He contends that an option is nothing more than an offer which has a term of irrevocability supported by consideration. Therefore, he reasons, the acceptance of an offer contained in an option agreement is governed by the same rules which control the acceptance of a simple offer to sell. Accordingly, under Articles 180S and 1806, Mrs. Smith would have the right to revoke the offer contained in the option agreement. R.C.C. Article 1805 reads:
“The acceptance to form a contract must be in all things conformable to the offer; any condition or limitation contained in the acceptance of that which formed the matter of the offer, gives him, who makes the offer, the right to withdraw it.”
Counsel for defendant-appellant cites Louisiana State Board of Education v. Lindsay, 227 La. 553, 79 So.2d 879 (1955); and Morere v. Dixon Real Estate Company, 188 So.2d 623 (La.App. 4th Cir., 1966), in support of his contention.
Assuming arguendo the validity of counsel’s legal reasoning, we find that the facts of this case do not fall within the above-quoted rule. Counsel argues that since the option was granted to Mr. Lawes, the attempted acceptance by Trades, Inc. was not in conformance with the offer and Mrs. Smith was justified in revoking the offer contained in the option. However, if Trades, Inc., is a separate entity from Mr. Lawes, and had no right to exercise the option, then its attempted exercise could in no way affect Mr. Lawes’ rights. The attempted acceptance of a third party did not give Mrs. Smith the right to revoke the option she granted to Mr. Lawes.
Defendant argues that the attempted acceptance by Mr. Lawes was not in conformance with the option agreement. The main difference complained of by defendant-appellant is the variation between the terms of payment contained in the option, and those contained in a note which *499 allegedly accompanied Mr. Lawes’ letter of acceptance. The trial judge found that the note and vendor’s lien which accompanied the letter were merely suggested forms and that they attempted to comply in detail with the requirements of the option. Defendant-appellant argues that the letter exercising the option must be read in light of the note and vendor’s lien, and that the provisions included in the note were a part of the attempted acceptance. We agree with the trial judge that Mr. Lawes included the two forms only as suggestions and that the clear intent of his letter was to exercise the option and comply with its terms. Upon Mrs. Smith’s receiving the letter of January 4th, Mr. Lawes was bound to purchase the property; the resulting “contract or agreement to sell, evidenced by such promise and acceptance,” could have been “specifically enforced by either party” at the time. R.C.C. Article 2462. Mrs. Smith had the right to a judgment of specific performance forcing Mr. Lawes to buy the property at the agreed upon terms of payment; in fact, the trial court judgment specified that the deed should contain the terms of payment included in the option.
The cases which appellant cites in support of her argument are distinguishable. Morere v. Dixon Real Estate Company, 188 So.2d 623 (La.App. 4th Cir., 1966) did not involve an option agreement. In Mor-ere the court found that the purchaser’s agent was without authority to make an offer to purchase containing certain provisions, and that the resulting contract to sell was therefore invalid. Louisiana State Board of Education v. Lindsay, 227 La. 553, 79 So.2d 879 (1954), did involve an option agreement. However, in that case, the plaintiff did not exercise his option in writing before the expiration of the option. The Supreme Court held that a resolution of the State Board of Education requesting the state Building Authority to purchase the property coupled with verbal notice to the defendant of the resolution was not a valid exercise of the option. The only writings received by the defendant in that case were a letter written after the option had expired advising him of the action of the Board, and an offer to purchase coupled with earnest money delivered to the defendant six days after the option had expired (specifying that should the plaintiff not accept title, the earnest money would be the only damages due). In the case before us today, the plaintiff timely exercised his rights under the option in writing and is entitled to specific performance.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to defendant-appellant.
Affirmed.