GULOTTA, Judge.
This is a suit for specific performance in which a lessee seeks to compel the transfer by defendant-lessor of real property in accordance with a lease option to purchase exercised by the lessee.
In an earlier appeal, this court held that the option to purchase was properly exercised by the lessee. However, the matter was remanded to ascertain if the property was fraudulently transferred by defendant lessor to his wife for the purpose of defeating plaintiff’s exercise of the option to purchase.[1]
After a hearing on the remand, judgment was rendered in the trial court in favor of plaintiff, and the transfer of the property was ordered upon payment of the stipulated price by plaintiff for the purchase. In reasons for judgment, the trial judge stated:
“The court feels that the only reason for the transfer of the property was to avoid the option.”
Defendants appeal. We affirm.
It is the Krushevski’s contention that this court in the original appeal erred in concluding that plaintiff properly exercised the option to purchase. They argue that in the former appeal, we properly recognized that communications to defendant Krush-evski from plaintiff’s counsel did not meet the requirements that an option to purchase be exercised by the lessee in writing and that we properly concluded these communications can only have the effect of an oral exercise of the option. However, they further argue we erred in concluding, in that appeal, that the timely filing of a petition for specific performance signed by plaintiff’s attorney did meet the requirement that the exercise of the option be in writing.
Defendants further claim no judgment can be rendered adversely affecting Mrs. Krushevski because only defendant Krush-evski, and not his wife, was before us in the prior appeal. Defendants point out that the former judgment in the trial court referred only to Mr. Krushevski and not to his wife. Plaintiff, in the earlier appeal, according to defendants, appealed only *250 from a judgment in the trial court in favor of Krushevski. Defendants complain that Mrs. Krushevski was not before the court on appeal. Therefore, the wife’s rights were erroneously adjudicated by this court in the earlier appeal when the remand was ordered.
Defendants also claim Krushevski cannot be ordered to convey the property because it has been transferred to a third party, i. e., Krushevski’s wife, and in such instances specific performance is not a proper remedy. Finally, defendants insist the trial judge on remand erred in setting aside the transfer to Mrs. Krushevski.
We fail to find merit in any of the arguments advanced by defendants. All of those, with the exception of the final argument, are addressed to issues which were decided by this court in a prior appeal. They cannot be reconsidered here. Defendants, in effect, are seeking to have us in this appeal pass on precisely the same issues decided by us in the former appeal. This panel of this court has been asked to set aside the judgment of another panel of this court in the same case on issues raised then and laid at rest in the earlier appeal. This, we cannot do.
We are, therefore, confronted with the final argument raised by defendants, and that is whether Krushevski executed the dation en paiement to his wife for the purpose of circumventing and avoiding the option. Our consideration of the record convinces us, as it obviously did the trial judge, that Krushevski’s purpose in effecting the transfer was to defeat plaintiff’s option.
On June 24, 1966, an offer to lease the property for a period of five years was made to Krushevski by Suzanne Link, the president of the plaintiff corporation. Contained in the offer is a request for an option to purchase the property for the price of $25,000 within three years from July 15, 1966, the commencement of the term of the lease. This lease option offer was accepted by Krushevski on June 25, 1966.
Within four days after the acceptance, on June 29, 1966, Krushevski executed the dation en paiement to his wife. The dation document contains a recitation of an acknowledgment of an indebtedness owed to Mrs. Krushevski by her husband in excess of the value of the property together with a further recitation that the property is conveyed in partial restitution and reimbursement of the paraphernal funds owned by the wife prior to the marriage and loaned to Krushevski.
It is significant that the Krushevskis are the owners of other pieces of real property. However, only the property subject to the option is conveyed.[2]
It is also significant that on the reverse side of a letter addressed to Krushevski by Miss Link, seeking to have Krushevski honor the option, Krushevski advised Miss Link that he did not intend to do so. Among other things, Krushevski stated in that communication:
“My wife having heard that I gave an option on that property, said she had all the time in mind that property to go to her in lieu of the money she gave me when I left England * * * ”
Moreover, testimony of Krushevski clearly illustrates that he never acknowledged the existence of an option. On more than one occasion, in answer to questions propounded to him on cross-examination, he denied there was an option to purchase. His interpretation of the offer to lease and purchase the property (dated June 24, and accepted by him on June 25) was a lease but not an option to purchase.
*251 When the exhibits and testimony of the Krushevskis are read together, it is clear that the dation by Krushevski was for the obvious purpose of avoiding the exercise of the option to purchase by plaintiff. The judgment of the trial court ordering Mr. and Mrs. Krushevski to convey the property to plaintiffs is correct. Accordingly, we affirm. Costs are to be paid by defendants-appellants.
Affirmed.

. See Books, Etc. Inc. v. Krushevski, 266 So. 2d 496 (La.App. 4th Oir. 1972).
The Supreme Court refused writs for the following reasons:
“Writ refused. Since the case has been remanded, the judgment is not final.” Books, Etc., Inc. v. A. Krushevski, 263 La. 248, 267 So.2d 907 (1972).

. Neither Krushevski nor his wife acknowledged under cross-examination the extent of the real estate holdings. The testimony re-fleets only that they owned several other pieces of rental property.