555 So.2d 525 (1989)
MAJOR COMMODITY CORPORATION
v.
James T. CUNNINGHAM, as Trustee for Roy A. Guercio, Jr., Randy V. Guercio, Remmy J. Guercio and Rosario A. Guercio and James J. Cunningham, Roy A. Guercio, Jr., Randy V. Guercio, Remmy J. Guercio and Rosario A. Guercio.
No. 89-CA-0386.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 1989.
Gibson Tucker, Jr., New Orleans, for plaintiff-appellant.
Monroe & Lemann, Benjamin R. Slater, Jr., Michael R. O'Keefe, III, New Orleans, for defendants-appellees.
Before LOBRANO, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiff in this case, Major Commodity Corporation, appeals a judgment denying plaintiff specific performance of an option *526 agreement or, in the alternative, damages. Plaintiff contends that the trial court erred 1) in failing to find that defendants owed an obligation under the option contract to make available and deliver merchantable title to the property at issue; 2) in failing to hold that plaintiff was entitled to specific performance of the option agreement, as well as a buy-sell agreement and an act of sale which were annexed to the option contract; and 3) in failing to hold that the filing of this suit before expiration of the six month term of the option agreement constituted a valid acceptance by plaintiff of the option. After reviewing the record and the law applicable to this case, we affirm.
The facts of this case are not in dispute. In 1987, Samuel Recile contacted Roy Guercio, Jr., one of the defendants herein, to inquire about a possible option to buy a certain parcel of French Quarter property which was owned by the Guercio family. Following some discussions about the purchase option, Recile caused the Major Commodity Corporation to be created for the purpose of acquiring the option and possibly developing the property. At that time, Recile prepared an option agreement, which was rejected by defendants. The Guercios then presented their own proposal, which was signed by Recile. This proposal created an option to purchase the property, in force and effect from the date of the agreement, March 21, 1987, through September 21, 1987.
Under the agreement, defendants ("Grantor") granted to plaintiff ("Grantee") "the exclusive right, privilege and option to purchase, on the terms and conditions hereinafter set forth" the property described therein, in consideration of the sum of $2,500.00. The agreement set forth with particularity the exclusive means by which Grantee was to exercise the option:
This option shall be deemed exercised only if (a) Grantee delivers an unconditional written notice of exercise of this Option to Grantor ..., prior to the expiration date ... together with (b) a cashier's check issued by Whitney National Bank payable to the order of Grantor, in the amount of Three Hundred Thousand and No/100 ($300,000.00) Dollars cash, as a deposit ... together with (c) the delivery of the unconditional written notice of exercise of option to (counsel for Grantor).
The option further provided that the consideration would be forfeited if the option was not timely exercised.
In August, 1987, Recile received a statement from Lawyers Title that there were possible defects in the title. Recile sought a twenty-five or thirty[1] day extension of the option agreement, which was refused by defendants. Major Commodity failed to exercise the option in accordance with the terms of the agreement and filed this suit on September 21, 1987, the same day the option expired, seeking specific performance or, alternatively, damages.
After a bench trial, judgment was rendered in favor of defendants and against Major Commodity. The trial court found that plaintiff was not entitled to specific performance of the contract, as Major Commodity had never exercised its option (i.e., accepted the offer) under the express terms of the agreement. Additionally, the trial court found that plaintiff knew of the alleged defects in the title before the option expired and that, in any event, the option clearly stated that Grantor's title was conclusively presumed to be merchantable upon exercise of the option by Grantee. Suit was dismissed at plaintiff's cost. Major Commodity filed this appeal.
First, plaintiff contends that the contract is ambiguous as to merchantability of title and that the trial court erred in not considering the intent of the parties. Plaintiff asserts that, under the terms of the option agreement, defendants were bound to make available to plaintiff a merchantable title and that defendants breached this obligation. This contention is without merit.
The agreement signed by the parties consisted of two parts, the Option (paragraphs 1-5) and the Agreement to Buy and Sell "in the event this Option is timely exercised" *527 (paragraph 6). (An unsigned Act of Sale was annexed to the signed portion.) The Option section is silent with respect to merchantability of title. The Agreement to Buy and Sell section contains the following language:
6. In the event this Option is timely exercised, the resulting agreement to purchase and sell ... shall be under the following terms and conditions:
e. The title of the Grantor shall be merchantable, free and clear of all mortgages, liens, encumbrances, judgments, assessments, boundary disputes, and the like, provided, however, that the title of the Grantor shall be conclusively presumed to be merchantable as of the date of a timely exercise of the option, and only matters, relating to title, arising after such date shall affect merchantability. In the event the title of Grantor becomes unmerchantable after the date of an exercise of the Option, but before the date of the act of sale, Grantor shall return to Grantee the Deposit, without interest, herein provided. (emphasis added)
Plaintiff urges that this language of the contract may be read to impose upon defendants the obligation to offer plaintiff merchantable title throughout the term of the Option and that, upon exercise of the Option, the plaintiff may presume that this obligation has been fulfilled. Apparently, plaintiff's argument is that, if defendants did not satisfy this obligation, then plaintiff would have an action against defendants for this breach. We cannot accept plaintiff's interpretation of the contract.
An option is nothing more than an elective right that, when exercised, ripens into a binding contract to buy and sell. Books, Etc. Inc. v. Krushevski, 266 So.2d 496, 497 (La.App. 4th Cir.1972), writ refused, 263 La. 248, 267 So.2d 907 (1972), citing McMikle v. O'Neal, 207 So.2d 922 (La.App. 2d Cir.1968); Bankston v. Estate of Bankston, 401 So.2d 436, 437 (La.App. 1st Cir.1981). The option, governed by LSA-C.C. art. 2462, is an offer which the grantee is free to accept or reject.
LSA-C.C. art. 2462 reads, in pertinent part:
One may purchase the right, or option to accept or reject, within a stipulated time, an offer or promise to sell, after the purchase of such option, for any consideration therein stipulated, such offer, or promise can not be withdrawn before the time agreed upon; and should it be accepted within the time stipulated, the contract or agreement to sell, evidenced by such promise and acceptance, may be specifically enforced by either party.
Thus, the only obligation which the unexercised option places on the grantor is the obligation that the offer not be withdrawn before the term of the option has expired. The offer in this case did not, as plaintiff suggests, obligate defendants to cure any defects in the title before such time as plaintiff exercised the option. The option section of the contract, as stated above, was silent as to merchantability of title. The language which plaintiff argues is ambiguous appeared in the buy and sell section of the contract, which was enforceable only in the event the option was exercised.
Moreover, we do not view this language as ambiguous. The contract clearly stated that defendants shall produce a merchantable title, provided however, that the title shall be conclusively presumed to be merchantable upon exercise of the option. The clear meaning of this clause was that plaintiff, upon exercising the option, would be precluded from asserting defective title. The trial court did not err in failing to find that defendants were obligated under the contract to make available for plaintiff merchantable title to the property until such time that the option was exercised.
Next, plaintiff contends that it is entitled to specific performance of the option, the buy and sell agreement and the contract of sale. This contention is without merit.
In order to invoke a sale under an option to buy, not only must the option to buy "`be evidenced by a written instrument' but the unqualified acceptance thereof [must] be evidenced in writing, giving full recognition to and in accordance with the *528 terms and conditions of the proposal, and formally exercised and tendered to the proposer prior to the expiration date of the stipulated time." Books, Etc. Inc. v. Krushevski, 266 So.2d at 498, quoting Louisiana State Board of Education v. Lindsay, 227 La. 553, 79 So.2d 879, 885 (1954).
The record shows that plaintiff never exercised the option in accordance with the contract, which prescribed the exclusive means of accepting defendants' offer. Particularly, plaintiff never delivered an unconditional written notice of exercise of the option to Grantor, together with a cashiers check issued by Whitney National Bank in the amount of $300,000.00, together with the delivery of the unconditional written notice of exercise of the option to Grantor's attorney. Thus, the trial court properly denied plaintiff specific performance under the contract.
Finally, plaintiff asserts that it did, indeed, timely exercise its option when it filed this suit against defendants. According to plaintiff, the option agreement was a commutative contract which, when exercised by filing suit, placed upon defendants the obligation to simultaneously perform under the contract and to deliver merchantable title. This contention is without merit.
In support of its argument that the filing of suit constituted exercise of the option, plaintiff cites Books, Etc. Inc. v. Krushevski, supra. In Books, Etc., the plaintiff/lessee entered into a lease which contained the following sentence pertinent to an option to buy: "We [lessee] want an option to buy this property anytime within the first 3 years for the sum of $25,000.00." This proposal was accepted by the lessor. After several unsuccessful attempts to exercise its option, lessee filed suit for specific performance under the contract. Without addressing the issue of whether the attempts made by lessee constituted valid exercise of the option, the court held that "under the circumstances of this case, the filing of suit within the stipulated time is sufficient to meet (the) requirements [of unqualified acceptance]." Id. at 498. Noting that generally "there is no special form necessary to the exercise of an option to buy, simply that it be in writing and in accordance with the terms of the option and the grantor of the option be timely notified," the court held that the action timely filed was sufficient to satisfy this requirement in that case.
The instant case is distinguishable. In Books, Etc., the lease apparently did not stipulate specific conditions which were exclusively deemed exercise of the option, but only stated that the lessee wanted an option to buy. In contrast, the contract in the instant case stipulated specific action which would exclusively constitute acceptance. Plaintiff did not exercise the option in accordance with the terms of the option contract, and the instant suit was insufficient to satisfy the enumerated stipulations. Accordingly, the trial court correctly held that plaintiff did not exercise the option.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED
NOTES
[1] Recile's own testimony is conflicting on this point.