STEWART, J.
_[iPlaintiffs-Appellants, Dana E. Rushing and Tammy Lemons Rushing (hereinafter collectively “Rushing”), are appealing a judgment rendered in favor of Defendants-Appellees, Donald Ray Glover, Laura Kathryn Cox Glover and Beusa Energy, Inc. (hereinafter collectively “Glover”). For the following reasons, we affirm.
FACTS AND BACKGROUND
Glover owned a 17.399-acre tract of land, a 25.38-acre tract of land, and a 7.30-acre tract of land, in DeSoto Parish. On August 13, 2001, Rushing entered into two leases with the option to purchase in order to acquire these tracts of land from Glover.
The first lease with the option to purchase (“option # 1”) covered the 17.399-acre tract of land and the 25.38-acre tract of land. Option # 1 expired on March 1, 2003, and if exercised, the purchase price would be $100,000.00. If the sale was completed by credit sale deed, Rushing would be required to pay a $10,000.00 deposit at closing and finance the balance over a period of ten years. The parties executed a credit sale deed on August 30, 2002, whereby Rushing purchased the 25.38-acre tract of land only, for $125,583.34. This credit sale deed included the following language regarding mineral rights:
VENDORS herein reserve all the oil, gas and other like minerals located in, *1171 on or under the above described property-
The second lease with the option to purchase (“option # 2”) covered the 7.30-acre tract of land. Option #2 expired on March 1, 2003. If it was exercised, the purchase price would be $39,000.00, with credit for money previously paid as lease payments. The parties executed a land purchase |2contract on August 30, 2002, whereby Rushing was required to pay $3,500.00 on or before August 31, 2003, and make 48 consecutive monthly payments on a loan owed by Glover to Progressive National Bank. After these payments were made, title to the property would pass to Rushing.
Before the parties signed the land purchase contract, Glover realized that the document did not include a mineral reservation. The clause, “Don Glover to maintain all mineral rights for 10 years,” was handwritten at the bottom of the second page. All parties were present when this clause was added.
On April 10, 2006, Rushing fulfilled all of her obligations pursuant to the land purchase contract. To effectuate the transfer of ownership, the parties executed a donation inter vivos. Again, Glover noticed, prior to signing, that the document did not include a mineral reservation. The clause, “Don and Laura Glover retains all mineral rights,” was handwritten at the bottom of each page of the donation inter vivos. Glover then signed it and gave it to Rushing so that it could be filed in the conveyance records. On April 12, 2006, Rushing filed the land purchase contract and donation inter vivos with the DeSoto Parish Clerk of Court.
Rushing filed suit, requesting that the court order the parties to be bound by the terms and conditions of option # 1 and option # 2. They also requested that the court find that Glover committed fraud, rendering the mineral reservations invalid.
IsAfter finding that Rushing mistook the option for a contract to sell, the trial court ruled in favor of Glover. Rushing now appeals, asserting two assignment of error.
LAW AND DISCUSSION

Standard of Review

It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989), eiting Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Before reversing the fact finder’s determination, the appellate court must review the entire record and conclude from it (1) that a reasonable factual basis does not exist for the finding of the trial court, and (2) that the record establishes that the finding is clearly wrong (manifestly erroneous). Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Id.

Option # 1 and Option # 2

In the first assignment of error, Rushing alleges that the trial court erred in determining that the terms of option # 1 and option #2 did not affect the subsequent agreements. More specifically, Rushing alleges that when the credit sale deed, land purchase contract, and donation inter vivos were |4executed, she was exercising her option to purchase. Rushing *1172 notes that option # 1 and option # 2 did not contain a mineral reservation, and disagrees with Glover’s testimony that he always intended on keeping the minerals and even discussed this with her on numerous occasions.
The Civil Code provisions concerning agreements preparatory to the sale are set forth in Articles 2620 et seq. An option to buy, or an option to sell, is a contract whereby a party gives to another the right to accept an offer to sell, or to buy, a thing within a stipulated time. An option must set forth the thing and the price, and meet the formal requirements of the sale it contemplates. La. C.C. art. 2620. The acceptance or rejection of an offer contained in an option is effective when received by the grantor. Upon such an acceptance the parties become bound by a contract to sell. La. C.C. art. 2621.
An option is nothing more than an elective right that, when exercised, ripens into a binding contract to buy and sell. Monroe Real Estate & Development Co., Inc. v. Sunshine, 35,555 (La.App. 2 Cir. 1/23/02), 805 So.2d 1200; Major Commodity Corp. v. Cunningham, 555 So.2d 525 (La.App. 4 Cir.1989). In order to invoke a salé under an option to buy, not only must the option to buy be evidenced by a written instrument but the unqualified acceptance thereof must be evidenced in writing, giving full recognition and in accordance with the terms and conditions of the proposal, and formally exercised and tendered to the proposer prior to the expiration date of the stipulated time. Id.
IfiAs stated in the facts section above, option # 1 involved the 17.399-aere tract of land and the 25.38-acre tract of land. According to its terms, if Rushing exercised this option by March 1, 2003, the purchase price would be $100,000.00, with a $10,000.00 payment required at closing and the balance financed over a period of ten years. Option # 1 did not contain a reservation of mineral rights. Rushing did not exercise this option, since she chose to enter into a credit sale deed with Glover for the 25.38-acre tract only, excluding the 17.399-acre tract. Pursuant to the credit sale deed, the purchase price for the 25.38-acre tract of land was $125,000.00, and required a $8,700.00 down payment and monthly installments of $1,485.00 to be completed in 30 months. Option # 1 and the credit sale deed are distinguishable, since the credit sale deed excluded the 17.399-acre tract of land, had a different purchase price, and had different terms and condition. More importantly, the credit sale deed included language regarding a mineral reservation, while option # 1 did not. Since the credit sale deed is not in accordance with option # 1, it does not qualify as an acceptance of it.
Option # 2 covered the1 7.30-acre tract of land. If Rushing exercised this option by March 1, 2003, the purchase price would be $39,000.00, with continued monthly payments over a period of ten years. Option # 2 did not contain a reservation of mineral rights. Rushing did not exercise option # 2, since the parties executed a land purchase contract, with different. terms and conditions, on August 30, 2002. In accordance with option # 2, Rushing was required to pay $3,500.00 on or before August 31, 2003, and make 48 consecutive monthly payments on a loan owed by Glover to Progressive |f,National Bank. After these payments were made, title to the property would pass to Rushing. The land purchase contract, as well as the donation inter vivos, included a handwritten clause expressing that Glover retained the mineral rights to the 7.30-acre tract of land. The land purchase contract is not in accordance with option #2. As a result, it is not an acceptance.
*1173 Rushing did not present evidence of written acceptance of either of the options. The credit sale deed, land purchase contract, and donation inter vivos transferring ownership cannot be viewed as an acceptance, since they are not in accordance with the terms and conditions of option # 1 and option # 2. Since these options to purchase were never exercised, Glover had the right to enter into a new contract on different terms, as the case here.
The trial court did not err in determining that Rushing did not have a claim to the mineral rights of the 25.38 and 7.30-acre tracts of land in dispute, since she was not exercising her option to purchase. Therefore, this assignment is without merit.

Fraud

In the second assignment, Rushing asserts that the trial court erroneously determined that Glover did not commit fraud. Rushing lists several instances supporting this assertion, including the following:
1. Glover wanted a “handshake” deal.
2. Rushing was inexperienced, since she had never purchased real estate.
3. Glover gave the Rushing the “run around” regarding financing the property.
4. The documents themselves reveal a clear pattern of fraud.
|75. The only document containing a “typed” provision reserving minerals is the credit sale deed, which relates to the 25.38-acre tract of land.
Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction. La. C.C. art. 1953. Fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience or special skill. La. C.C. art. 1954. Fraud need only be proved by a preponderance of the evidence and may be established by circumstantial evidence. La. C.C. art. 1957.
The testimony and evidence presented do not prove that Glover committed fraud. As stated above, jurisprudence has established that where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel its own evaluations and inferences are as reasonable. See Rosell v. ESCO, supra.
At trial, Glover testified that the handwritten clause was added to the land purchase contract, and the donation inter vi-vos several years later, in Rushing’s presence. Due to Glover’s conscious effort to review the land purchase contract and the donation inter vivos prior to signing them, he recognized that they lacked a mineral reservation, and he took the necessary steps to rectify the situation. After Glover signed, Rushing performed the duty of recording these documents.
IsRushing indicated that she hired an attorney to draft option # 1 and # 2, so it is unclear why she chose not to hire an attorney to review the documents related to the purchase of these tracts of land. Glover relayed his intentions regarding the mineral reservation orally, as well as in writing. Rushing was given the opportunity to object to the mineral reservation, and to read the relevant documents prior to signing them. Further, she had the opportunity to hire an attorney to review the documents. Had Rushing read these documents, she would have noticed that pursuant to the land purchase contract, she was agreeing to make the monthly pay *1174 ments on the loan currently owed by Glover, and that Glover inserted a mineral reservation.
After reviewing the record, we find that Rushing could have easily “ascertained the truth.” Rushing’s assertion that she is inexperienced in various areas of the law, along with her failure to seek legal counsel, is not a valid claim to reverse the trial court’s judgment denying her claim to the mineral rights to the 25.88 and 7.30-acre tracts of land. This assignment of error is without merit.
CONCLUSION
The judgment of the trial court is affirmed. Costs are assessed against Plaintiff-Appellant Rushing.
AFFIRMED.